for a consideration, the consideration being that the company was enabled to draw its employes from a larger body subject only to the expense of their transportation.

2. CARRIERS, § 305*—*when exemption from liability on back of pass is invalid.* The law of Illinois renders invalid as against a passenger for hire or consideration an exemption or waiver and release of liability for negligence which appears on the back of. a pass in these words: "By the acceptance and use of this ticket any and all claims on this company, whether due to negligence of its agents or otherwise, for injury to the person * * * of the holder are waived and released."

3. INSTRUCTIONS, § 88*—*when giving of instruction as to preponderance of evidence not reversible error.* The giving of an instruction on what the jury may consider in determining the preponderance of the evidence, the language thereof being identical with a similar instruction passed upon by the Supreme Court in *Deering v. Barzak,* 227 Ill. 71, *held* not of itself ground for reversal.

4. APPEAL AND ERROR, § 438*—*when objection for variance not preserved for review.* Objection for variance between the declaration and the proof cannot be considered on review when not made the subject of objection or comment in the court below.

---

# Freida Gauger, Appellee, v. American Patriots, Appellant.

## Gen. No. 18,428.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. W. F. SLATER, Judge, presiding. Heard in this court at the March term, 1912. Reversed with finding of fact. Opinion filed January 12, 1914.

## Statement of the Case.

Action by Freida Gauger against American Patriots, a fraternal insurance corporation, to recover upon a benefit certificate issued by defendant upon the life of

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Friedrich Gauger.   From a judgment in favor of plaintiff for five hundred dollars, defendant appeals.

Albert J. W. Appell, for appellant.

P. S. Webster, for appellee.

Mr. Justice Brown delivered the opinion of the court.

### Abstract of the Decision.

1. Insurance, § 746*—*when constitutional provision of fraternal order is part of contract.*  Provisions of the constitution of a fraternal insurance order is a part of the contract where the certificate itself and its acceptance and the application for reinstatement are made subject to the constitution and the laws of the order.

2. Insurance, § 843*—*when constitution of fraternal order avoids certificate when member dies while in custody of the law.*  A section of the constitution of a fraternal insurance corporation providing that if a member dies "while in the custody of the law" the certificate of membership shall be null and void applies so as to render the certificate void where the member dies while committed to the House of Correction, and the section applies though there is no causative connection between the custody and the death.

---

Calvin W. Burket, Appellee, v. The Ures Consolidated Mining Company et al.

On Appeal of John H. Turner et al., Appellants.

Gen. No. 18,439.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. Fred C. Hill, Judge, presiding.   Heard in this court at the March term, 1912.   Affirmed.   Opinion filed January 12, 1914.   *Certiorari* denied by Supreme Court (making opinion final).·

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.