FRIEDA GAUGER, Appellant, *vs.* THE AMERICAN PATRIOTS, Appellee.

*Opinion filed June 16, 1914.*

BENEFIT SOCIETIES—*by-law construed as avoiding certificate if a member dies while in the custody of an officer.* A by-law of a benefit society providing that "if a member dies in consequence of a duel, or by the hands of justice, or by the practice of any per- nicious habit that obviously tends to shorten life, or by the use of intoxicating liquors or drugs, or through or by the violation of any criminal law of any State, province or municipality, *or while in the custody of any officer of the law,* then in all such cases the cer- tificate of membership shall be null and void," renders the certifi- cate void if the member dies while in the custody of any officer of the law; and it is not necessary that the death shall be "in conse- quence" of being in such custody.

APPEAL from the Appellate Court for the First Dis- trict;—heard in that court on appeal from the County Court of Cook county; the Hon. W. F. SLATER, Judge, presiding.

PARKER S. WEBSTER, and NATHAN E. UTT, for ap- pellant. ·

ALBERT J. W. APPELL, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Appellant, Frieda Gauger, recovered a judgment in the county court of Cook county against the American Patriots, a fraternal insurance society, for $500 on a certificate is- sued to Frederick Gauger, in which appellant, as the wife of the member, was named as beneficiary. The society prosecuted an appeal to the Appellate Court for the First District, and that court reversed the judgment of the county court but refused to remand the cause. A certificate of importance and appeal were granted by the Appellate Court, and Frieda Gauger, the plaintiff below, has perfected an

appeal and seeks a reversal of the judgment of the Appellate Court.

The action was in assumpsit, based upon a benefit certificate. Appellee pleaded the general issue, and special pleas setting up the suicide of the member, fraudulent reinstatement, limitation, excessive use of intoxicating liquors, and that the insured died while in the custody of an officer of the law.

The facts are not in controversy. It appeared on the trial that the member was found on the lake front, in the city of Chicago, suffering from an incised wound upon his wrist. He was taken in custody by the police and a charge of disorderly conduct was laid against him. He was tried and a fine of $15 and costs was adjudged against him, and on his failure to pay the same he was sent to the bridewell and there confined in the hospital department from the 15th day of April, the day of his arrival, until the 21st of said month, on which day he died of tetanus as a result of the wound upon his wrist.

Appellee's special pleas were based upon an alleged violation of section 65 of the by-laws of the order, which is as follows: "If a member dies in consequence of a duel, or by the hands of justice, or by the practice of any pernicious habit that obviously tends to shorten life, or by the use of intoxicating liquors or drugs, or through or by the violation of any criminal law of any State, province or municipality, or while in the custody of any officer of the law, then in all such cases the certificate of membership shall be null and void."

The Appellate Court based its judgment of reversal on a finding that Frederick Gauger died while in the custody of an officer of the law, and caused a finding of that fact to be included in the final judgment of the court. Appellant contends that the finding of the Appellate Court is based upon an erroneous interpretation of the language of section 65 of the by-laws. The view insisted upon by ap-

pellant is, that the words "in consequence of," found in the first line of section 65, should be construed as connected with and a part of the clause, "while in the custody of any officer of the law," and it is said that merely being in the custody of an officer of the law at the time the death occurred should not defeat a recovery unless the death was "in consequence of" the member being in the custody of an officer of the law. This view was taken by the trial court, where it was held that unless there was some connection between the death and being in the custody of the law the defense could not prevail. The Appellate Court construed the by-law as a complete exemption from liability for the death of a member which occurred while such member was "in the custody of any officer of the law." We agree with the construction placed upon this clause of the by-laws by the Appellate Court. The finding of the Appellate Court establishes the fact that the deceased died while in the custody of an officer of the law. The finding does not include the further fact that the death of the member was in consequence of his being in the custody of an officer of the law, and if appellant's contention were sound, the finding of the Appellate Court would not be a sufficient finding of fact to justify a reversal without remanding the cause. The words "in consequence of" have no connection with the clause upon which the Appellate Court based its finding and judgment. Under the terms of this by-law, which is made a part of the contract, if a member dies from any cause while in the custody of any officer of the law the certificate of membership becomes null and void and uncollectible. The provision that if the member shall die while in the custody of an officer of the law is one that the parties might lawfully insert in the contract. Certificates of this character often have provisions such as "if the member shall die by his own hand," and other like conditions, upon the happening of which the certificate becomes void, and when a death has occurred under conditions which

avoid the certificate by the express language of the contract, there is nothing left for the courts to do except to enforce the contract as the parties have made it. *Seitzinger* v. *Modern Woodmen,* 204 Ill. 58; *Zerulla* v. *Supreme Lodge,* 223 id. 518; *Kiesewetter* v. *Knights of Maccabees,* 227 id. 48.

The finding of fact by the Appellate Court is binding upon us, and the only question open in this court is whether, assuming the fact to be as found, the law has been properly applied. In this case we think it has, and the judgment of the Appellate Court is affirmed.     *Judgment affirmed.*