BYSTROM BROTHERS, Appellant, vs. JACOBSON and another, Respondents.

*December 11, 1915—January 11, 1916.*

*Workmen's compensation: Statute construed: "Accident."*

The word "accident" in sub. (3), sec. 2394—3, Stats.,—providing for compensation to employees for injuries "proximately caused by accident,"—should be taken in a broad sense and as including a violent or undue straining of the muscles, resulting in a bodily hurt—in this case a muscular spasm, without external evidence of injury—to an employee from physical overexertion in performing his work.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The action was to test an award made by the *Wisconsin Industrial Commission* in favor of defendant *Eric Jacobson.* The award was sustained.

The *Commission* made the award and it was confirmed on this state of facts, as indicated in a memorandum which such *Commission* filed in the proceeding as a basis for its conclusion:

"May 16, 1914," *Eric Jacobson* "was in the employ of" *Bystrom Brothers* "laying cement blocks. He was at work under the porch of a residence, and in attempting to lift a block weighing approximately eighty pounds, on the foundation of the wall, while in a sitting position, he strained the muscles of his right side. The accident occurred during the forenoon. . . . He . . . consulted a physician, who pronounced the injury as a muscular spasm. There was no external evidence of injury, but he suffered pain and was disabled until July 6, 1914."

For the appellant there was a brief by *Robert R. Freeman* and *Timothy Brown,* attorneys, and *Russell B. James,* of counsel, and oral argument by *Mr. Brown.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

MARSHALL, J. The question raised in this case is whether the injury for which compensation was granted was "proximately caused by accident" within the meaning of those words, in sub. (3), sec. 2394—3, of the Workmen's Compensation Law. On behalf of appellant, it is contended that the statute calls for an accident in the sense of the application of some violence or external force to the person of the workman, that a physical ill caused by the labor the workman is engaged in is not sufficient.

It is considered that the term "accident" as used in the Workmen's Compensation Act has a much broader signification than that contended for by counsel for appellant. It is susceptible of being given such scope that one would hardly venture to define its boundaries. Courts have indulged in very general statements in regard to it, but have not worked

out any very definite guide.   True, as stated by a text-writer, such term has been more discussed, probably, in adjudications, "than any other word in the whole English language." What the meaning of it is, in the technical sense, is quite different from what it is in the popular sense.   The latter sense was adopted in *Fenton v. Thorley,* 89 L. T. Rep. 314, the leading English case on the subject in regard to such situations as the one we have to deal with.   There a workman, in straining to turn a wheel to open a lid, ruptured himself, and it was held that he was injured by accident.   The logic of the decision is thus stated in Dawbarn, Employers' Liability (4th ed.) 100:

"The essential principle and foundation of their judgment was that no arbitrary, legal, technical, or contractual meaning was to be given to the word 'accident,' but that it was to be regarded as used in its popular or ordinary sense. . . . Accident might mean an accident external to, distinct from, or in addition to, the injury to the man, or the accident might mean . . . nothing wrong or no mishap apart from the actual injury sustained by the man himself.   The accident was not the lid sticking; the accident was the man rupturing himself."

That was approved in *Clover v. Hughes* (1910) 3 Butterworth's Workm. C. C. 275, as applied to the English workmen's compensation act, where a person was ruptured by overexerting himself about his work.

From numerous authorities such as those cited, Dawbarn, at page 100, deduced this rule:

"Roughly speaking, accidents divide into two great classes—(a) Accidents popularly known as such, such as railway accidents, breakdown of machinery, explosions, collisions, etc., where persons injured by them are spoken of as injured by accident; and (b) accidents where there is no such external mishap, but where the man injures himself, as he would say, by accident, when he either strains a muscle, or ricks his back, or ruptures himself, or otherwise hurts himself in an unexpected manner."

These further English cases are cited in support of that conclusion and illustrating it: *Timmins v. Leeds F. Co.* 83 L. T. Rep. 120, where a man strained his back in lifting a plank which unexpectedly stuck owing to frost; *Boardman v. Scott,* [1902] 1 K. B. 43, where a man strained himself in adjusting a beam he was carrying; *Stewart v. Wilsons & C. C. Co.* 5 Session Cas. (1902–3) 120, where a minor injured himself trying to replace a derailed hutch; and *M'Innes v. Dunsmuir,* 45 Scot. L. Rep. 804, where a man brought on a cerebral hemorrhage by overexerting himself.

Like conclusions as those above are drawn from the authorities in Boyd, Workmen's Compensation, sec. 458, and 1 Bradbury, Workm. Comp. Law (2d ed.) 367, cited to our attention. From the former we quote:

"With good reason, strains sustained by employees of normal health in raising unusual weights in the course of employment are generally regarded as accidental injuries." "Ruptures resulting from lifting heavy objects are generally held fortuitous and unexpected events, in other words, accidents."

Quite commonly these words from *Fenton v. Thorley,* 89 L. T. Rep. 314, are quoted with approval: "If a man, in lifting a weight, or trying to move something not easily moved, were to strain a muscle, or rick his back, or rupture himself, the mishap, in ordinary parlance, would be described as accidental."

There are several American authorities to the same effect as the foregoing, to which we are referred, and among them are the following: *Fisher's Case,* 220 Mass. 581, 108 N. E. 361; *Zappala v. Industrial Ins. Comm.* 82 Wash. 314, 144 Pac. 54; *Voorhees v. Smith Schoonmaker Co.* 86 N. J. Law, 500, 92 Atl. 280; *Poccardi v. Public Service Comm.* (W. Va.) 84 S. E. 242.

The broad meaning attributable to the word "accident," as above indicated, and which is called for by the spirit of the

Workmen's Compensation Act, was adopted by this court in *Vennen v. New Dells L. Co.* 161 Wis. 370, 154 N. W. 640. There the court said:

"The term 'accidental,' as used in compensation laws, denotes something unusual, unexpected, and undesigned. The nature of it implies that there was an external act or occurrence which caused the personal injury. . . . It contemplates an event not within one's foresight and expectation, resulting in a mishap causing injury to the employee."

The contracting of typhoid fever by an employee by his drinking impure water furnished by the employer, was held to satisfy all the calls of that definition. It seems, as counsel for respondents contend, that such calls are quite as well satisfied by the circumstances here. The thing which occurred was somewhat unusual. It was unexpected and undesigned. There was an external occurrence. The lifting of the heavy block while the workman was not in an advantageous position to do so, required him to unduly strain the muscles of his right side. The undue strain was not foreseen or expected. A mishap resulted,—a muscular spasm and consequent disability. There was, plainly, the physical causation spoken of in *Milwaukee v. Industrial Comm.* 160 Wis. 238, 246, 151 N. W. 247,—the effort to handle the block while the workman was so circumstanced as to cause a perilous strain on the muscles of his right side.

We cannot well add anything of value by further discussion. As we have seen, authorities, English and American, generally agree that the term "accident" when used in workmen's compensation laws, should be taken in the broad sense above indicated,—as including a violent straining of the muscles, resulting in a rupture or other bodily hurt to an employee from over-physical exertion in performing his work. It is considered that it was so used by the legislature in sub. (3), sec. 2394—3, of the Statutes, and that the trial court in this case reached the correct conclusion.

*By the Court.*—The judgment is affirmed.