**Marciana Jassas, Appellant, v. Bankers Insurance Corporation, Appellee.**

**Gen. No. 23,400.**

1. INSURANCE—*when beneficiary is entitled to 20 per cent. of accident policy upon death of insured.* Under a benefit certificate providing for the payment of a specified sum to the beneficiary upon the death of the insured, payable to the extent of 10 per cent. should the death of the member occur within two years from the date of the certificate and increasing in amount 10 per cent. per year until after ten years when the full amount is payable, where an insured dies after a membership of more than two and less than three years, the beneficiary is entitled to 20 per cent. of the face of the policy.

2. INSURANCE, § 408*—*what is an accident.* Death from a stroke of lightning is an accident within a benefit certificate.

3. WORDS AND PHRASES—*accidents defined.* Accidents are of two kinds, first, those that befall a person without any human agency, as the killing of a person by lightning, and second, those that are the result of human agency.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. INSURANCE—*when causal connection must exist between accident causing death and occupation.* Under a benefit certificate providing that if the death of a member is caused from accident or from accidental injury the benefit will be governed by the occupation, act or hazard in which the member is engaged at the time of the injury, and the benefit will be scaled according to specified classes, there must be some causal connection between the accident and the occupation.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed December 17, 1917.

A. G. ABBOTT, for appellant.

ALBERT J. W. APPELL, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Upon the death of her husband, plaintiff became the beneficiary in a benefit certificate issued to him by defendant, which admitted liability for $40, but plaintiff claimed $1,000.. She brought suit for this sum, and, upon the admission in defendant's affidavit of defense, took judgment for $40, which was paid, and prosecuted her suit for the claimed remainder. Upon trial by the court the defendant's contention prevailed, and judgment was entered against plaintiff's claim except as to the $40 aforesaid. She appeals, saying that under the facts and a proper construction of the provisions of the benefit certificate she is entitled to $1,000.

There is virtually no dispute as to the facts. Defendant is a fraternal beneficiary society of which plaintiff's husband was a member. By the terms of the benefit certificate defendant agreed on the death of the insured to pay to his wife—

"One Thousand Dollars, payable as follows:

"First. Should the death of the member occur within two years from the date hereof, ten per cent of the above amount shall be due in full payment of

the claim; if after two years, twenty per cent; after three years, thirty per cent; after four years, forty per cent; after five years fifty per cent; after six years, sixty per cent; after seven years, seventy per cent; after eight years, eighty per cent; after nine years, ninety per cent; and after ten years, the full amount will be paid.''

The insured died after a membership of over two years and less than three. Under the explicit provisions above quoted the beneficiary would be entitled to 20 per cent. of $1,000, which is $200. This seems clear beyond reasonable controversy. The provision evidently contemplates an increasing amount of liability commensurate with the length of time membership by the insured is continued; it might be said to constitute an inducement to continue membership, and is entirely reasonable and intelligible. To adopt the construction contended for by plaintiff, that is, a general undertaking to pay $1,000, would be contrary both to the purpose and explicit language of this provision.

The material part of the second provision of the certificate is as follows:

''If the death of the member is caused from accident or from accidental injury, the benefit to be paid will be governed by the occupation, act or hazard in which the member is engaged at the time of injury, and the above benefit will be scaled as follows: Occupation, Class AA, 0 per cent; A, ten per cent; B, twenty per cent; C, thirty per cent; D, forty per cent; E, fifty per cent; F, X and XX, eighty per cent, upon the surrender and cancellation of this Certificate.''

It is not in dispute that plaintiff was killed by accident and that at the time he was a member in defendant's society, classed as a laborer in class ''X''; and defendant contends that these facts bring into operation this second clause, that is to say, the death of the member was caused by accident, and as he belonged to the occupation classed as ''X,'' the amount of $200 due under the first clause must be scaled down 80 per

cent. Reducing $200 by 80 per cent. would leave $40, the amount defendant admits to be due.

We do not see how it can be seriously controverted that death from a stroke of lightning is caused, in a legal sense, by accident; at least we are not referred to any reported decisions in which it has been held to the contrary. In *Pixley v. Illinois Commercial Men's Ass'n*, 195 Ill. App. 135, it was said that a death which was the result of an accident "implies an external and violent agency as its cause." An accident has been defined as something "happening by chance, or unexpectedly taking place" (Words and Phrases, vol. 1, p. 62), and "an event that takes place without one's foresight or expectation" (Cyc. vol. 1, p. 227); and to call a stroke of lightning an "act of God" does not remove it from the scope and meaning of these definitions. In *Morris v. Platt*, 32 Conn. 75, the court designated as accidents those occurrences "effected or influenced by the uncontrollable operations of nature," and gave as an illustration injury from a flash of lightning. In *Hutchcraft's Ex'r v. Travelers' Ins. Co. of Hartford*, 87 Ky. 300, a suit to recover accident insurance, it was said that accidents were of two kinds: "First, those that befall a person without any human agency, as the killing of a person by lightning; here the elemental properties of lightning and its flash are not caused or controlled by human agency; but the fact that the person was struck, by unintentionally placing himself within its range, is, as to him, accident. Second, those that are the result of human agency." These definitions are applicable to the instant case, and we are of the opinion that the death of the insured by lightning was "death * * * from accident" within the meaning of these words as used in the benefit certificate.

It is conceded that at the time of the death of plaintiff's husband he was a laborer, which occupation is designated in the certificate as "Class X." Under

such circumstances, and giving to the words in provision 2 of the benefit certificate their usual and ordinary meaning, the benefit to be paid should be scaled or reduced 80 per cent.

The real gist of the controversy is whether or not under the provisions of the policy the "death * * * from accident" must be connected with an accident growing out of the occupation of the member at the time; that is, some causal connection between the accident and the occupation. Many cases have been cited by counsel for plaintiff in which, in construing certain kinds of insurance policies, it has been held that such causal connection must appear. We are of the opinion, however, that we must be controlled on this point by what is said in the opinion of our Supreme Court in *Gauger v. American Patriots,* 263 Ill. 604; an opinion by the Appellate Court was also given in this case, 184 Ill. App. 490. In this case plaintiff sought to recover upon a benefit certificate issued by a fraternal insurance society in which her husband was a member. By one of the sections of the certificate it was provided that if the member should die "while in the custody of any officer of the law" the certificate should be void. It was shown without controversy that he had died when in the bridewell for failure to pay a fine inflicted for disorderly conduct, but that his death was due to a disease incurred prior to his arrest and having no connection whatever with his imprisonment. It was there contended strenuously, as here, that a proper and reasonable construction of the language of the certificate would be that some causal connection must appear between the death and the custody of the member. The Supreme Court, however, held against this contention, saying that the provision was one the parties might lawfully insert in the contract, and that when death has occurred under conditions which avoid the certificate by the express language of the contract, there is nothing left for the

courts to do except to enforce the contract as the parties had made it; citing *Seitzinger v. Modern Woodmen of America,* 204 Ill. 58; *Zerulla v. Supreme Lodge,* 223 Ill. 518; *Kiesewetter v. Knights of Maccabees,* 227 Ill. 48. If, under such circumstances, it has been held proper to avoid the contract entirely, it clearly would seem reasonable that the amount of compensation to be paid should be determined by the explicit and unambiguous language of the benefit certificate.

Under a proper construction, as we have above indicated, plaintiff was entitled under the contract to recover $40, and the judgment of the trial court in allowing no more was proper and is affirmed.

*Affirmed.*