WATSON *v.* PUBLIX RIVIERA THEATRE.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACCI-
DENTAL INJURY.

Where an actor was employed by theatre to turn somersaults,
an injury sustained while he was so doing was "accidental"
within meaning of workmen's compensation act.

Appeal from Department of Labor and Industry.
Submitted June 2, 1931.  (Docket No. 41, Calendar
No. 35,611.)  Decided June 25, 1931.

Donald Watson presented his claim against Pub-
lix Riviera Theatre, employer, and Employers' Lia-
bility Assurance Corporation, insurer, for injuries
received while doing an act in defendant theatre.
Award for plaintiff.  Defendants appeal.  Affirmed.

*Lawrence H. Niendorf,* for plaintiff.

*Austin J. Spalding,* for defendants.

POTTER, J.  Plaintiff, April 28, 1930, was an actor
in the employ of defendant Publix Riviera Theatre
in the city of Detroit, receiving a salary of $475 a
week.  He acted as master of ceremonies.  One of his
duties was to turn somersaults on a tremboline, or
bounding table, which has rubber bands around the
edge of a canvas fitted down with a heavy frame.
During one of these somersaults, plaintiff's leg gave
way and he fell and it was later found he had torn
some of the ligaments of his left leg and twisted the
pelvic bones.  The important question is whether

there is any evidence to indicate plaintiff's injury was the result of an accident. Plaintiff contends there was such testimony. Defendants contend plaintiff's injury occurred in the usual and ordinary course of his employment and was not the result of accident.

There is no question but what plaintiff's injuries arose out of and in the course of his employment and we think it may fairly be said plaintiff's injuries were the result of accident.

"In its most commonly accepted meaning, the word denotes an event that takes place without one's foresight or expectation; an event which proceeds from an unknown cause, or is an unusual effect of a known cause, and therefore not expected; chance, casualty, contingency, an event happening without any human agency, or, if happening through human agency, an event which under the circumstances, is unusual and unexpected by the person to whom it happens; * * * something unexpectedly taking place, not according to the usual course of things; an unusual or unexpected result attending the operation or performance of a usual or necessary act or event; something happening by chance; a mishap." 1 C. J. § 3, pp. 390–392.

This definition is in accord with the decisions of this court which has not accepted a narrow definition of the word as applied to the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*).

"The statute seems to contemplate that an accidental injury may result by mere mischance; that accidental injuries may be due to carelessness, not wilful, to fatigue, and to miscalculation of the effects of voluntary action." *Robbins* v. *Original Gas Engine Co.,* 191 Mich. 122.

We think the prior decisions of this court sustain plaintiff's contention. The award of the department of labor and industry is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.