SMALLEGAN v. JOHN SMALLEGAN & SONS.

1. APPEAL AND ERROR—WORKMEN'S COMPENSATION ACT—WORKING MEMBER OF PARTNERSHIP.

Finding of department of labor and industry that plaintiff member of partnership was working member receiving wages irrespective of profits is affirmed on appeal where there is evidence to support it (2 Comp. Laws 1929, § 8413).

2. MASTER AND SERVANT—LIFTING BARREL OF LIME AND SULPHUR—
ACCIDENTAL INJURY.

Brain hemorrhage resulting from injury received by working
member of partnership while waiting on customer purchasing
lime and sulphur contained in barrels weighing 450 pounds
*held,* an accidental injury justifying award of compensation,
where circumstances surrounding lifting of the barrel were
unexpected by plaintiff.

WIEST and BUSHNELL, JJ., dissenting.

Appeal from Department of Labor and Industry.
Submitted April 12, 1934. (Docket No. 100, Cal-
endar No. 37,738.). Decided September 18, 1934.
Rehearing denied October 23, 1934.

D. E. Smallegan presented his claim for compen-
sation against John Smallegan & Sons, a partner-
ship, employer, and Builders & Manufacturers
Mutual Casualty Company, insurer, for an acci-
dental injury sustained while in defendant's em-
ploy. Award to plaintiff. Defendants appeal.
Affirmed.

*John R. Dethmers,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendants.

EDWARD M. SHARPE, J. Defendant John Small-
egan & Sons is a copartnership consisting of three
brothers, one of whom is plaintiff in this suit. They
operated a general store and each brother had a
more or less particular duty to perform. On April
17, 1933, plaintiff in the course of his regular work
was waiting upon a customer who desired to pur-
chase some lime and sulphur. This solution was
kept in barrels outside the store and upon a raised
platform about two feet high. Upon this particular
occasion it was necessary to set up a new barrel
upon the platform. Plaintiff produced testimony
to show that before he attempted to set up the barrel

he took a long pipe wrench to remove the plug from the barrel and in so doing the wrench slipped from the plug and plaintiff stumbled back. Plaintiff then called one of his brothers to help him lift the barrel, weighing 450 pounds, a job that theretofore had required the efforts of two men. The barrel was resting on its side and had to be placed in an upright position. Plaintiff took hold of the bottom of the barrel and his brother Arthur took hold of the top side on the same end. Plaintiff started lifting before his brother and as he did so he felt a sharp pain in the back of his head, followed by some dizziness. Plaintiff then went into the store and later had to be taken home suffering from subarachnoid hemorrhage. Plaintiff made a claim for compensation to the department of labor and industry where an order was made granting him an award. From this award the defendants have appealed.

The defendants contend that plaintiff was not an employee, that he was a member of a partnership receiving a share of the partnership profits for services rendered.

Section 8413, 2 Comp. Laws 1929, in defining "employees" subject to the act includes:

"Every person in the service of another, under any contract of hire, express or implied, including aliens, including working members of partnerships, receiving wages irrespective of profits from such."

There is some testimony that tends to show that plaintiff's salary was received from the profits of the partnership, but the finding of the commission controls if there is evidence to support it. We quote the testimony of plaintiff as found in the record:

"*Q.* How were you compensated for your work?
"*A.* At the rate of $20 per week.

"*Q.* What about your brothers?

"*A.* They also received $20 a week.

"*Q.* And that payment to you of $20 per week, was that a division of the profits?

"*A.* No, sir.

"*Q.* What was it?

"*A.* It was a straight salary of $20 a week.

"*Q.* When had you started to be paid at the rate of $20?

"*A.* January 1, 1933."

The defendants next contend that the plaintiff did not suffer an accidental personal injury within the meaning of the compensation act.

The record discloses that the barrel weighed 450 pounds, that it was a part of plaintiff's usual work to help lift this barrel upon a platform which stood about two feet off from the ground and that prior to lifting the barrel it was the usual thing to remove the plug from the barrel. On this particular occasion, in attempting to remove the plug, the pipe wrench that plaintiff was using slipped from the plug and plaintiff stumbled back. The jar received from stumbling was an unusual and unexpected result. The regular way to lift the barrel upon the platform was for one man to take hold of one end of the barrel while the other man lifted the opposite side of the barrel and both lift together. Upon this occasion both men were in their proper position to lift, yet Arthur did not start lifting when plaintiff did so that the full weight of the lifting was borne by the plaintiff alone. As a result of this unusual lifting, plaintiff felt a sharp pain in the back of the head, became dizzy and subsequently suffered a brain hemorrhage.

To justify compensation for accidental injury, there must have been "some unusual, fortuituous

or unexpected happening which caused the injury and which was in essence accidental in character.'' *Sinkiewicz* v. *Lee & Cady,* 254 Mich. 218, 220. The circumstances surrounding the lifting of the barrel were unexpected by plaintiff. The sudden lifting of a weight twice as heavy as customary was an unusual event not contemplated by plaintiff and resulting in an undue strain upon plaintiff. In our opinion plaintiff suffered an accidental injury such as is contemplated by the compensation act. *La Veck* v. *Parke, Davis & Co.,* 190 Mich. 604 (L. R. A. 1916 D, 1277); *St. Clair* v. *A. H. Meyer Music House,* 211 Mich. 285; *Helder* v. *Luce Furniture Co.,* 217 Mich. 496.

The award is affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, and BUTZEL, JJ., concurred with EDWARD M. SHARPE, J.

WIEST, J. *(dissenting).* Where three brothers, as copartners, devoted their time to carrying on joint business, each one withdrawing a sum weekly, ahead of distribution of profits, no one of them sustained the relation of a working member receiving wages, irrespective of profits, for there was no contract of hire, express or implied, but only the relation of copartners and mutual endeavor accompanying joint association.

I also have doubt upon the question of compensable injury arising out of the usual method of handling the barrel.

The award should be vacated.

BUSHNELL, J., concurred with WIEST, J.