ANTONIO CHIRICO *vs.* ARTHUR M. KAPPLER.

JUNE 24, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ

CAPOTOSTO, J. This is an appeal from a decree of the superior court denying and dismissing a petition for relief under the workmen's compensation act. The petition alleges as the cause of injury "that the petitioner sustained a serious strain in his back which was caused by lifting large stones and loading the same on trucks."

The petitioner was employed by the respondent to do manual labor, such as using pick and shovel, pushing a wheelbarrow and loading stones on trucks. In direct examination he testified that "in putting a heavy stone on the truck", the stone "came back" against his chest and, pushing him backward, caused an injury to his back which disabled him. His cross-examination discloses that, at a hearing before the director of labor, he made no claim that the stone "came back" against his chest. The petitioner, who testified through an interpreter, excuses this omission on his part at that time by saying that: "They didn't ask me questions in regard to that business up at the State House."

In the instant case there is legal evidence tending to prove causal connection between the petitioner's work and

his injury. His attending physician testified that the petitioner, in giving him the history of his injury, told him that he injured himself "as he bent over backward while lifting a large stone onto a truck"; that on examining the petitioner, he found him suffering from "acute lumbar sacral strain", which is an injury to the lower back; and that such injury might well result from the lifting of a heavy stone.

Upon this evidence the trial justice found as a fact that the petitioner received a strain or sprain in his back while loading a truck with stones; that because of such injury, he was unable to work from August 21 to October 15, 1936; and that his doctor then advised him to get light work. However, he denied and dismissed the petition on the ground that the petitioner had failed to prove that his injury was the result of an "accident", within the meaning of that term in the workmen's compensation act.

Excluding the ruling of the trial justice on the question of what constitutes an "accident", within the meaning of the act, which is a ruling of law, all his findings are findings of fact based on legal evidence. In such a case, no fraud being alleged or proved, his findings of fact are conclusive. G. L. 1923, chap. 92, art. III, sec. 6, as amended by P. L. 1928, chap. 1207. *Bernier* v. *Narragansett Electric Co.*, 56 R. I. 438, 441; *Natalia* v. *United Electric Rys. Co.*, 54 R. I. 183. The only issue before us is one of law, that is, whether the sudden sprain or strain which the petitioner suffered to his back in the course of his employment is "a personal injury by accident arising out of and in the course of his employment", within the meaning of G. L. 1923, chap. 92, art. II, section 1.

The respondent states in his brief that: "Where an employee does what he intends to do, his act is not an 'accident' within the Workmen's Compensation Act," and cites as authority for such statement the decisions of this court in *Rowe* v. *River Spinning Co.*, 144 A. (R. I.) 109 and *Shewczuk* v. *Centrexeville Mfg. Co.*, 53 R. I. 223. These cases do not

stand·for such a broad and indefinite proposition. In the *Rowé* case; the petitioner did not prevail because "there was an absence of evidence necessary to connect the sunstroke in such a manner with the employment of the deceased as to make the respondent liable under the Compensation Act." In the *Shewczuk* case, the evidence clearly showed that the husband of the petitioner did not mistake a bottle of sulphuric acid for drinking water, as the petitioner claimed, but that he deliberately and intentionally drank the sulphuric acid with the intent of injuring himself.

The respondent in the instant case has lifted certain language in the *Shewczuk* case from its immediate context and now urges such language upon us as a rule of law in compensation cases. In considering the facts in that case, the court, confining itself strictly to the evidence, says: "Mr. Shewczuk's duties did not require him to go outdoors and open the bottle containing the sulphuric acid. He did not open the bottle by mistake. He did just what he intended to do. He was in such haste to accomplish his purpose that he broke off the neck of the bottle instead of taking time to remove the stopper in a careful manner. *When a person does what he intends to do it cannot be said to be an accident.* Mr. Shewczuk's employment was in the finishing room and he was not required to handle the acid. . . . There is no evidence that defendant ever furnished bottled water for its employees. The evidence shows no causal connection between the employment of the deceased and his intentional and forcible opening of the bottle of acid." (italics ours.) The italicized language, which is clearly directed to the facts then under consideration, does not warrant the respondent in the instant case in urging such language as the statement by this court of a general rule of law applicable in compensation cases.

In *Walsh* v. *River Spinning Co.*, 41 R. I. 490, at page 494, this court said that the word "accident" is not one of precise meaning as that word is used in the various compensation

acts. Furthermore, the above-quoted language of section 1 of our compensation act is not found in all such acts, but they do appear in the English compensation act, which in that particular is followed by many of the American statutes, including our own. The term "accident" has given rise to some subtle reasoning in a number of cases. The most satisfactory interpretation of that term, which has come to our attention, as that term is used in the phrase of our compensation act, is that of Lord Macnaghten in *Fenton* v. *Thorley,* App. Cas. 443, (1903), where he came to the conclusion that the "expression 'accident' is used in the popular and ordinary sense of the word as denoting an unlooked for mishap or an untoward event which is not expected or designed." This interpretation was approved by this court in *Walsh* v. *River Spinning Co., supra.*

We have held that the workmen's compensation act is a remedial statute and, therefore, should be liberally construed. *Colli* v. *Crown Piece Dye Works,* 55 R. I. 494. Under compensation statutes the same as or similar to ours, the great weight of authority holds that where causal connection is sufficiently established by competent evidence between the employment and an "unlooked for mishap" to an employee in the course of his employment, an injury to the employee resulting from such mishap is an "accident", within the meaning of that term as used in our statute. We agree with such construction of the statute. 1 Schneider, Workmen's Compensation Law, (2d) 693, *et seq.,* and cases cited; *Hamilton* v. *Pennsylvania R. Co.,* 298 Pa. 22, 147 A. 837; *Big Jack Overall Co.* v. *Bray,* 161 Va. 446, 171 S. E. 686; *Watson* v. *Publix Riviera Theatre,* 255 Mich. 115, 237 N. W. 541; *Bystrom Bros.* v. *Jacobson,* 162 Wis. 180, 155 N. W. 919; *Monumental Printing Co.* v. *Edell,* 163 Md. 551, 563; 164 A. 171; *Indian Territory Illuminating Oil Co.* v. *Pound,* 156 Okla. 101, 9 Pac. (2d) 417; *Patrick* v. *Grayson & Yeary,* 13 La. App. 228.

Applying the above interpretation of the word "accident" to the facts in the instant case, we are of the opinion that the petitioner did sustain a personal injury by "accident" arising out of and in the course of his employment, and that the petitioner was entitled to compensation under the provisions of our statute. The trial justice erred in denying and dismissing the petition in the circumstances of this case.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*James Di Prete*, for petitioner.

*Henry M. Boss*, for respondent.