Mary V. Paulissen, Appellee, v. Franklyn A. Jonas, Appellant.

Gen. No. 9,674.

Heard in this court at the May term, 1941. Opinion filed August 14, 1941.

GOWER, GRAY & GOWER, of Kankakee, for appellant.

DESELM & SCHNEIDER and RICHARD A. SCHNEIDER, both of Kankakee, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This is an appeal by the defendant below from an order of the circuit court granting a new trial on motion of plaintiff below.

Appellant operated a retail grocery and meat store in the city of Kankakee. Appellee is 78 years old. She states that she had been a customer at this store for a number of years, trading there when appellant's father operated it, before him. On the day in question,

plaintiff fell upon the floor of the store, sustaining a broken hip. Trial resulted in a verdict for the defendant, appellant herein. Plaintiff filed her motion for new trial, which was granted. Leave to appeal from such order was granted appellant by this court.

The trial court assigned its reason in writing for granting new trial, same being based upon instruction given on behalf of the defendant below. The instruction reads as follows:

''The Court instructs the jury that before the plaintiff can recover, the burden is upon her to prove each and all of the following propositions by a preponderance or greater weight of the evidence:

''(1)  That plaintiff immediately prior to and at the time of the accident in question was in the exercise of ordinary care for her own safety and was not guilty of any negligence which in any way contributed to her injury.

''(2)  That the defendant or his agent or agents were guilty of negligence as charged.

''(3)  That such negligence was the proximate cause of plaintiff's injury.

''And if after considering all of the evidence in the case you believe therefrom that the plaintiff has failed to prove each and every one of the foregoing propositions by a preponderance or greater weight of the evidence, or that she has failed to prove any one of said propositions, then she cannot recover and you should find the defendant not guilty.''

The reason assigned by the court for new trial is as follows: .

''In this case this motion for a new trial is allowed under the first objection which is to the second instruction which seems to assume that an accident occurred, which is what was to be proved, and had the instruction stated 'accident if any', it would have been good. I do not however believe that the other objections are well taken, but this allowance of the 1st ob-

jection gives the plaintiff a new trial, so that it is not necessary to dwell at length upon the other objections.''

Appellee contends the above instruction erroneous because it misled the jury in assuming that the injury was the result of, or due to, an accident, urging in this respect that, if the occurrence was an accident, there was no negligence, and if it was the result of negligence, it was no accident. In support of this position, appellee cites: *Travelers' Ins. Co. v. Ayers*, 217 Ill. 390; *Fidelity & Casualty Co. v. Morrison*, 129 Ill. App. 360, and *Hutton v. States Accident Ins. Co.*, 186 Ill. App. 499. These were insurance cases and had to do with the question whether the assured's injuries arose by accidental means or causes. At page 392 of *Travelers' Ins. Co. v. Ayers, supra,* we find the following language: ''An accident is the happening of an event without the aid and the design of the person, and which is unforeseen.'' In the other cases cited by appellee on this point, the word ''accident'' is defined in a similar manner as in *Travelers' Ins. Co. v. Ayers, supra.*

Accident, in its popular and ordinary sense, may be used to signify an event or occurrence which happened unexpectedly, and without design or intent. It may result from human agencies alone, from the uncontrollable operations of nature, or from both such agencies. *Dreyer v. People,* 188 Ill. 40, 51. In a legal sense, the word is difficult to define, yet in its general and popular sense, no one misunderstands it. It is a word which has been the subject of an indefinite variety of definitions (*Bystrom Bros. v. Jacobson,* 162 Wis. 180, 155 N. W. 919, 920, L. R. A. 1916 D, 966, 967; *Vennen v. New Dells Lumber Co.,* 161 Wis. 370, 154 N. W. 640, 642, L. R. A. 1916 A, 273) although the essential thought represented thereby is one of the most common and general character. With reference to this word, it has been said that, ''No legal definition has

been given, or can be given, which is both exact and comprehensive as applied to all circumstances." *Peru Plow & Wheel Co. v. Industrial Commission,* 311 Ill. 216, 220, 142 N. E. 546.

The word is commonly employed as denoting an undesirable or unfortunate happening, or an unexpected personal injury resulting from any unlooked for mishap or occurrence. *Ervin v. Industrial Commission,* 364 Ill. 56, 60; *Arquin v. Industrial Commission,* 349 Ill. 220, 181 N. E. 613, 614; *Peru Plow & Wheel Co. v. Industrial Commission, supra; Patrick v. J. B. Ham Co.,* 119 Me. 510, 111 Atl. 912, 13 A. L. R. 427, 432; *Chapin v. Ocean Accident & Guarantee Corp.,* 96 Neb. 213, 147 N. W. 465, 52 L. R. A. (N. S.) 227. And the word in its more general sense does not exclude human fault, termed as negligence (*Watson v. Publix Rivera Theatre,* 255 Mich. 115, 237 N. W. 541; *Yellow Cab Co. v. Industrial Commission,* 210 Wis. 460, 246 N. W. 689, 690) but is recognized as an occurrence arising from the carelessness of men, and the fact that the negligence of the person injured contributed to produce the result will not make it any less an accident. *Standard Oil Co. of New Jersey v. United States,* 264 Fed. 66, 69; *Watson v. Publix Rivera Theatre, supra; Hogan v. Kansas City Public Service Co.,* 322 Mo. 1103, 19 S. W. (2d) 707, 713, 65 A. L. R. 129; *Wiger v. Mutual Life Ins. Co. of New York,* 205 Wis. 95, 236 N. W. 534, 538.

In an attempt to distinguish between accident as embodying the element of negligence from other unintended or unexpected events, the terms, "mere accident," "pure accident," or "unavoidable accident," are often used when it is desired to repel the idea of negligence.

As stated in the case of *Ullman v. Chicago & N. W. Ry. Co.,* 112 Wis. 150, 88 N. W. 41, 56 L. R. A. 246, 88 Am. St. Rep. 949, at page 958 thereof: "The poverty of language compels the use of words in dif-

ferent meanings, and this is notably true of the word 'accident.' Strictly speaking, an accident is an occurrence to which human fault does not contribute; but this is a restricted meaning, for accidents are recognized as occurrences arising from the carelessness of men." To the same effect are the cases of *Nelson v. Richardson,* 108 Ill. App. 121, 126; *Jassas v. Bankers Ins. Corp.,* 209 Ill. App. 147, 150.

An analogous instruction appears in the case of *Chicago City Ry. Co. v. O'Donnell,* 208 Ill. 267, 277, which is substantially in the form used by the defendant herein, and in which instruction the word "accident" was used in the same connection as in this case.

A word used in an instruction, when taken by itself, might admit of more than one meaning, but when read with the entire instruction, there remains no reasonable doubt as to the purport of such word, and the sense in which it was used and understood. We are inclined to consider that the word "accident" as used in the instruction in this case, should be construed in the ordinary and usual understanding of its signification, and intended and understood to be such an occurrence or mishap as resulted in injury to plaintiff without any design or intention on the part of said plaintiff.

We do not consider the jury was in any way misled by the use of the word "accident" in the instruction complained of, or that the rights of the plaintiff were in any way prejudiced thereby.

The court by his written remarks clearly indicates that he was satisfied with the verdict in respect to the other objections contained in the motion for new trial. Therefore, the judgment is reversed and the cause remanded to the trial court with directions to overrule the motion for a new trial and render judgment on the verdict.

*Reversed and remanded with directions.*