NICHOLS *v.* CENTRAL CRATE & BOX COMPANY.

1. WORKMEN'S COMPENSATION—AGGRAVATION OF PREVIOUSLY-EXISTING NONOCCUPATIONAL DISEASE—ACCIDENT.

The aggravation of a previously-existing nonoccupational disease is not compensable as an injury under sections of the workmen's compensation act not covering occupational disease unless the aggravating injury is accidental in character (CL 1948, § 412.1 *et seq.*).

2. SAME—ACCIDENT—PROXIMATE CAUSE.

An accidental injury, to be compensable under the workmen's compensation act, must be more than merely an unusual and unanticipated result; the means must be accidental—involuntary and unintended, and there must be some proximate connection between accidental means and the injurious result (CL 1948, § 412.1 *et seq.*).

3. SAME—SAWYER—JERKING OF LOG—ACCIDENT.

Head sawyer who jerked with a cant hook on a log which he was unable to raise from the ground with a steady pull and which "came up solid," at which time he felt a pain in the back of his head that was followed by a partial paralization due to a stroke and which acted on previously-existing bradycardia and arteriosclerosis *held,* not entitled to workmen's compensation, where it does not appear that plaintiff's pre-existing condition was aggravated by an accident or fortuitous event, in that he was doing only that which was done by 1 person or that an unusual or excessive strain was imposed on plaintiff's physique or that he exerted himself in a manner unusual to or greater than is ordinarily the case in the general field of common labor (CL 1948, § 412.1 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 58 Am Jur, Workmen's Compensation § 247.
[1, 3] Workmen's compensation: Injury or death to which pre-existing physical condition of employee causes or contributes. 19 ALR 95; 28 ALR 204; 60 ALR 1299.
[2, 4] 58 Am Jur, Workmen's Compensation § 196.

4. SAME—ACCIDENT—DOING FELLOW WORKMEN'S WORK.
   It does not constitute an accident or fortuitous event under the workmen's compensation act for a man to do that which is customarily done by some other man on that same job, even though under the division of labors plaintiff had not ordinarily done that particular part of the work (CL 1948, § 412.1 *et seq.*).

Appeal from Workmen's Compensation Commission. Submitted June 9, 1954. (Docket No. 18, Calendar No. 46,034.) Decided September 8, 1954.

Clarence Nichols filed application for compensation from Central Crate & Box Company, employer, and Employers Mutual Liability Insurance Company, insurer, claiming cerebral hemorrhage resulted from heavy lifting. Award to plaintiff. Defendants appeal. Reversed.

*Marcus, Kelman, Loria, McCroskey & Finucan* (*Benjamin Marcus,* of counsel), for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Edward D. Wells,* of counsel), for defendants.

DETHMERS, J. Plaintiff, 73 years of age, worked for defendant as head sawyer for 8 days. His job consisted largely of pushing a lever back and forth to operate a carriage on a saw and of drawing logs by tractor from a yard to skids leading to the saw. Generally, some other employee placed the logs on the skids so that they could roll down to the saw. On the last day of his employment, when no other employee was immediately available for that purpose, plaintiff undertook to slide or roll a log onto the skids. For that purpose he took a cant hook and attempted to raise the log from the ground with a steady pull, but it did not come, so then he gave it a jerk and there was more of a load than he had antici-

pated and it "came up solid." At that instant he felt as if a beebee shot had hit him in the back of the head. He continued working the rest of the day. The next morning when he awoke it was discovered that he was partially paralyzed due to a stroke. According to medical testimony he had had a pre-existing bradycardia and arteriosclerosis and the strain involved in or resulting from plaintiff's attempt to move the log with a cant hook could have aggravated that pre-existing physical condition to cause a stroke. The workmen's compensation commission found that plaintiff had sustained an accidental injury in that connection and awarded compensation accordingly. Defendants appeal, contending that plaintiff did not suffer an accident.

Plaintiff says that a disability under part 2 of the act is compensable when due to a personal injury arising out of and in the course of employment, even though not caused by accidental means and, further, that if an accident be deemed prerequisite as an aggravation of a pre-existing physical condition, that requirement is met if the result suffered by plaintiff is unexpected, unusual or fortuitous even though the cause thereof was not. Such theories run counter to our holdings in *Hagopian* v. *City of Highland Park,* 313 Mich 608; *May* v. *A. H. Powell Lumber Co.,* 335 Mich 420; *McGregor* v. *Conservation Department,* 338 Mich 93; *Poindexter* v. *Department of Conservation,* 316 Mich 235; *Arnold* v. *Ogle Construction Co.,* 333 Mich 652; *O'Neil* v. *W. R. Spencer Grocer Co.,* 316 Mich 320. In all of these cases it was held that to be compensable there must be an accident or fortuitous event which aggravates the pre-existing physical condition to cause a disability. Typical is the statement in *Arnold* (p 664) that "the aggravation of a previously existing nonoccupational disease is not compensable under part 2 of the workmen's compensation law unless the aggravating injury is

accidental in character." Plaintiff relies on *Robbins* v. *Original Gas Engine Co.*, 191 Mich 122. This Court there said (p 128):

"It is not sufficient that there be an unusual and unanticipated result; the means must be accidental —involuntary and unintended. There must, too, be some proximate connection between accidental means and the injurious result."

Was plaintiff's pre-existing condition aggravated by an accident or fortuitous event arising out of and in the course of his employment by defendant? Plaintiff says yes, contending that there were 2 fortuitous events of that character, namely (1) that plaintiff was doing what ordinarily had been done by some other employee when he attempted to move the log onto the skids; (2) that the log did not respond to plaintiff's cant hook operation as he had expected. In this connection plaintiff cites 18 Michigan cases, typical of which are the following: *Grove* v. *Michigan Paper Co.*, 184 Mich 449; *La Veck* v. *Parke Davis & Co.*, 190 Mich 604 (LRA1916D, 1277); *Robbins* v. *Original Gas Engine Co.*, supra; *Schroetke* v. *Jackson-Church Co.*, 193 Mich 616 (LRA1917D, 64); *St. Clair* v. *A. H. Meyer Music House*, 211 Mich 285; *Watson* v. *Publix Riviera Theatre*, 255 Mich 115; *Smallegan* v. *Smallegan & Sons*, 268 Mich 245; *Schlange* v. *Briggs Manufacturing Co.*, 326 Mich 552. In *Grove, St. Clair* and *Smallegan* the plaintiff was doing the work ordinarily done by 2 or more men. In *La Veck* plaintiff had been subjected to unusual and excessive heat. In *Robbins* the Court found that while plaintiff and another were pulling and lifting a 600-pound engine the plaintiff "was suddenly, and accidentally, put at disadvantage by the act of a fellow workman and the sticking of the engine on the concrete floor." In *Schroetke* plaintiff died of

heart failure resulting from nervous shock caused by the excitement and disturbing events attending the unexpected and accidental breaking out of fire on the employer's premises. In *Schlange* the plaintiff was jerked or thrown against a machine and, in addition, was required to do a job in an unusual manner causing an unusual strain not ordinary or common to the doing of that particular job. In *Watson* this Court said "plaintiff's leg gave way and he fell." Such were the facts, respectively, which this Court deemed, in those cases, to constitute fortuitous events. In the case at bar the plaintiff was not shown to have done alone what was customarily done by more than 1 man, but only that which was customarily done by another than himself. The case is thus to be distinguished from *Grove, St. Clair* and *Smallegan.* It does not constitute an accident or fortuitous event for a man to do that which is customarily done by some other man on that same job, even though under the division of labors plaintiff had not ordinarily done that particular part of the work. It was not shown that an unusual or excessive strain was imposed on plaintiff's physique or that he exerted himself in a manner unusual to or greater than is ordinarily the case in the general field of common labor, that being the test of the existence of an accident or fortuitous event in these cases as we expressed it in *McGregor* v. *Conservation Department,* 338 Mich 93. This case is in that respect likewise distinguishable from *La Veck.* Plaintiff was not jerked or required, as in *Schlange,* to exert himself in a manner unusual or to a greater degree than was ordinary and common to the work in which he was engaged when the aggravation is alleged to have occurred, namely, that of moving a log onto skids. He was not suddenly and accidently put to a disadvantage and compelled by a fortuitous event to lift more than expected or than was other-

wise done by one man as in *Robbins* and in *Smallegan.* There was not here the accidental circumstance of excitement attending the breaking out of a fire, as in *Schroetke,* or the sudden giving way of a member and consequent falling, as in *Watson.* Here plaintiff was doing what was customarily done by one man on such job. Nothing slipped, nothing unusual occurred. He testified that in his years of experience with timber he often had attempted to move a log with a cant hook and found that it would not yield to his exertion. There is no showing that plaintiff's condition was aggravated to any greater degree in his use of the cant hook by reason of the failure of the log to respond thereto than would have been the case had the log actually moved as desired in response to his employing of an equal amount of exertion. At all events, the mere fact that he had expected the log to move and that it failed to do so was not such an unusual, unexpected or fortuitous event as to constitute an accident. Experience, such as plaintiff had had in the moving of logs, and an examination of its size and shape must have made it apparent that the log might not yield to such pressure as plaintiff would be able to exert against it with a cant hook. In attempting to move it he was performing the kind of hard labor customarily performed by men on such jobs which, as in *McGregor* (p 101), "required a degree of physical exertion not shown to have been unusual to or greater than that ordinarily experienced in the general field of common labor. Exertion to that extent did not constitute a fortuitous event." Plaintiff is not entitled to compensation.

Reversed, with costs to defendants.

Butzel, C. J., and Carr, Bushnell, Sharpe, Boyles, Reid, and Kelly, JJ., concurred.