CRASSWELLER *v.* BRIGGS MANUFACTURING CO.

WORKMEN'S COMPENSATION—RUPTURED BLOOD VESSEL.
    Ruptured blood vessel in stomach of millwright, resulting from unanticipated exertion when five fellow employees upon signal of the foreman failed to lift 1,000-pound conveyor into place in unison, constituted a compensable accidental injury where it disabled employee from working in the employment in which he was formerly engaged.

Appeal from the Department of Labor and Industry. Submitted June 5, 1940. (Docket No. 31, Calendar No. 41,147.) Decided September 6, 1940.

Stuart J. Crassweller presented his claim against Briggs Manufacturing Company, employer, and Aetna Casualty & Surety Company, insurer, for compensation for injuries suffered while in defendant's employ. Award denied. Reversed, and award to plaintiff.

*Dann & Atlas* (*Joseph Zwerdling,* of counsel), for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

WIEST, J.   August 14, 1939, plaintiff, a millwright, in the employ of the Briggs Manufacturing Company, was directed, with five other employees, to lift in place a conveyor weighing about a thousand pounds. Three men were on each side of the conveyor. At a given signal by the foreman to lift, plaintiff responded by lifting but the other men did not all lift at the same time and, because of extra exertion, plaintiff felt a pain in his stomach. As a result of the strain plaintiff suffered a ruptured blood vessel in his stomach and is disabled from working in the employment in which he was formerly engaged. The department found plaintiff suffered such disability as the result of the mentioned lifting but held there was no accidental injury and denied the award. Plaintiff appeals, contending that, under the mentioned facts as found by the department, he is entitled to compensation.

The question of law is whether plaintiff suffered an accidental injury within the meaning of the compensation act.

In *Smallegan* v. *John Smallegan & Sons,* 268 Mich. 245, plaintiff therein and a fellow employee were employed in lifting a barrel weighing 450 pounds up to a platform. We stated:

"The regular way to lift the barrel upon the platform was for one man to take hold of one end of the barrel while the other man lifted the opposite side of the barrel and both lift together. Upon this occasion both men were in their proper position to lift, yet Arthur did not start lifting when plaintiff did so that the full weight of the lifting was borne by the plaintiff alone. As a result of this unusual lifting, plaintiff felt a sharp pain in the back of the head, became dizzy and subsequently suffered a brain hemorrhage."

Under such statement of facts we held:

"To justify compensation for accidental injury, there must have been 'some unusual, fortuitous or unexpected happening which caused the injury and which was in essence accidental in character.' *Sinkiewicz* v. *Lee & Cady,* 254 Mich. 218, 220. The circumstances surrounding the lifting of the barrel were unexpected by plaintiff. The sudden lifting of a weight twice as heavy as customary was an unusual event not contemplated by plaintiff and resulting in an undue strain upon plaintiff. In our opinion plaintiff suffered an accidental injury such as is contemplated by the compensation act."

The department considered the instant case within the rule stated in *Nagy* v. *Continental Die Casting Corp.,* 283 Mich. 162, and cases there cited, of no accidental injury where an employee in lifting, in the usual course of his work and without slipping or any unusual circumstances, except the weight of the object being lifted, suffered strain; and upon a finding that "the plaintiff knew before lifting that he was going to make a heavy lift. At the time he received the strain, he was doing exactly what he intended to do. The mere fact that the lift was heavier than usual does not make it an accidental injury," denied compensation.

This leaves out of consideration the special circumstances that plaintiff's exertion in lifting was to be simultaneously accompanied by like exertion of five others and the division of the weight among all. The failure of the others, upon signal of the foreman, to lift in unison left plaintiff unaware of the burden he attempted to lift and constituted a fortuitous happening.

The lift for each of the six men was heavy and required common effort to apportion to each his share of the weight and plaintiff's over-exertion and resulting injury was by reason of the inertia of his fellow workmen. Such inertia cast upon plaintiff an unanticipated exertion causing him injury not attributable to his employment.

The instant case falls within the ruling in *Smallegan* v. *John Smallegan & Sons, supra.*

The deputy commissioner found an accidental injury arising out of and in the course of employment causing total disability, and made an award for such. Upon appeal to the department, total disability was found but the award by the deputy was reversed on the ground the disability was not caused by an accidental injury.

The award of the department is vacated and the case remanded with direction to affirm the award of the deputy commissioner. Plaintiff will recover costs.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.