GULF OIL CORPORATION
v. ROUSE et al.

No. 33022.   Oct. 4, 1949.
Rehearing Denied Jan. 31, 1950.

*214 P. 2d 251.*

William C. Liedtke, Russell G. Lowe, Redmond S. Cole, C. L. Billings, James B. Diggs, Jr., and Charles L. Follansbee, all of Tulsa, for petitioner.

Atkinson, Schwoerke & Schwoerke, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, C.J. This is an original proceeding in this court brought by Gulf Oil Corporation, hereinafter referred to as petitioner, to review an award made by the State Industrial Commission to J. H. Rouse, claimant.

J. H. Rouse filed his claim August 22, 1946. Therein it is stated that while employed as an oil field pumper with petitioner he sustained an accidental injury in September, 1945, resulting in a disability. The State Industrial Commission entered an award under the "other cases" provision of 85 O.S. 1941 §22, for permanent partial disability of 60 per cent to the body as a whole and ordered payments in accordance therewith in the sum of $6,300 payable at the rate of $21 per week. This proceeding is brought to review the award.

It is first argued that there is no evidence reasonably tending to support the finding of the State Industrial Commission that claimant sustained an accidental injury. The facts will be briefly stated: They show that claimant was a pumper whose duties did not ordinarily require that he do heavy manual labor. On the date in question he and a fellow employee were working around a tank which was surrounded by a ditch close to which a dyke had been built. Dirt and mud had accumulated in this ditch and in order to remove the dirt the two employees shoveled the dirt, from the bottom of the ditch over the dyke. The shovel employed in this task was approximately five feet in length. The dyke around the tank was five feet high. Due to the construction of the ditch and the dyke, it was necessary that the dirt, which was wet and heavy, be thrown at a height which exceeded the height of the claimant. He testified that in shoveling this dirt it was the longest stretch of such hard labor that he had done in some time. That at the time of the accident he was 49 years of age and had worked for petitioner for approximately 20 years, continuously; that he had theretofore been in good health and had never before detected or noticed any form of a heart ailment. It is also shown that he shoveled the dirt over his left shoulder because of an old injury to his right arm. When he had been shoveling the dirt for approximately thirty minutes, he suddenly felt a severe pain over his heart. On the day of the injury the weather was clear, still, sunny and hot. He sat down under a tree and rested a while, after which he and his fellow employee left the place. Subsequent to leaving the place, he again sat down and rested a while and then quit work for the day. It is his statement that he reported the accident to his field foreman, Mr. Orr, and asked for a claim so that he might report an accidental injury.

Petitioner cites and relies upon National Biscuit Co. v. Lout, 179 Okla. 259, 65 P. 2d 497; Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751, together with other cases, and states that the rule therein precludes a recovery for the reason that there was no accidental injury in that nothing unusual aside from the ordinary work of the employee is shown to have happened.

We are of the opinion and hold that the case comes within the rule announced by this court in Carden Mining & Milling Co. et al. v. Yost et al., 193 Okla. 423, 144 P. 2d 969, and Clarksburg Paper Co. v. Roper, 196 Okla. 504, 166 P. 2d 425. In Carden Mining & Milling Co. et al. v. Yost et al., supra, claimant sustained an accidental injury by reason of a heart attack due to climbing a chat pile. The statement in that case is as follows:

"According to claimant's statement the two weeks work immediately preceding and including February 21, 1941, had been the hardest and most strenuous in his experience and the day in question was unusually difficult in that his duties had required more frequent trips up the steep and yielding incline of the chat pile.

"On his twenty-second trip that day, when he was exerting himself in an upward climb and was about two-thirds of the way to his destination, he felt a sudden, sharp pain 'like a knife jabbing him in the heart'. "

Therein this court stated:

"Unquestionably the claimant has produced evidence to show that his disability is attributable to an acute dilation of the heart directly and primarily resulting from unusually severe strain and exertion undergone by reason of and in connection with his employment.

"In the case of Andrews Mining & Milling Co. v. Atkinson, 192 Okla. 322, 135 P. 2d 960, 961, we pointed out:

" 'We are committed to the rule that the term "accidental injury" is not to be given a narrow or restricted meaning, but is to receive a broad and liberal construction, with a view of compensating injured employees where disabilities result from compensable personal injuries. . . .

" 'An "accident" is an event happening without any human agency, or if happening through human agency, an event which, under the circumstances, is unusual and not expected to the person to whom it happens. In the term "accidental injuries", the sub-stantive "injuries" expresses the notion of a thing or event, that is, the wrong or damage done to the person, while "accidental" qualifies and describes the noun by ascribing to "injuries" a quality or condition of happening, or coming by chance or without design, taking place unexpectedly or unintentionally.' . . .' '

In Clarksburg Paper Co. v. Roper, supra, the court stated:

"In Terminal Oil Mill Co. v. Younger, 188 Okla. 316, 108 P. 2d 542, Younger, while shoveling cottonseed with a scoop shovel in the Terminal Company's gin was seized with a sudden sharp pain in his back. He was performing his usual and customary work, the loaded shovel which he was using weighing from 25 to 35 pounds. It was there contended that there was no unusual strain and that Younger had done nothing different from what he ordinarily did in the performance of his duties. In that case an award by the Commission, holding that he had received an accidental injury, was sustained."

Dr. Rice testified that in his opinion claimant's heart condition was due to the strain from the shoveling of the dirt and we hold that the evidence is sufficient to establish the accidental injury and that the resulting disability is due thereto.

In the reply brief petitioner argues that the claimant has failed to note the cases from foreign jurisdictions brought to the attention of this court. We have carefully examined these cases and find that if they fail to conform to the above rule announced by this court, they are contrary to the rule in this state defining an accidental injury. In this connection we have taken note of the rulings made in Frank v. Chicago, M. & St. P. Ry. Co., 49 S.D. 312, 207 N.W. 89; Martin v. State Compensation Commission, 107 W. Va. 583, 149 S.E. 824; Westbrook v. Highview, Inc., 42 Ga. App. 834, 157 S.E. 362; Kutschmar v. Briggs Mfg. Co., 197 Mich. 146, 163 N.W. 933; Waites v. Briggs Mfg. Co., 280 Mich. 185, 273 N.W. 441; Clifton v. Chrysler Corpora-

tion, 287 Mich. 87, 282 N.W. 912; and Crassweller v. Briggs Mfg. Co., 294 Mich. 443, 293 N.W. 711. In at least one of these cases the rule was announced in sustaining an award which had been set aside by an intermediate tribunal. In Martin v. State Compensation Commission, supra, the Supreme Court of West Virginia, in affirming an order denying an award, quite frankly stated that it might have reached a different conclusion but felt itself bound by the holding of the Industrial Board.

It is next argued that the award should be vacated because there is no competent evidence reasonably tending to sustain the finding of the State Industrial Commission excusing the giving of the statutory written notice required to be given by 85 O.S. 1941 §24. Claimant stated that he immediately notifed the farm boss, Slim Moore, and later notified the field foreman as heretofore stated. W. B. Duckworth, testifying for the petitioner, stated that he is employed to handle compensation claims for the petitioner; that he was informed by petitioner's agents within two days after the alleged accidental injury that claimant had a heart condition and had sustained an attack during his employment on the 18th day of September, 1945. If Duckworth knew of the heart attack within two days after the happening, the one whose duty it was to inform him must have known of the happening prior to that time. In addition to this, the record discloses that Dr. Eugene Rice made an examination of claimant and advised the petitioner, through its duly constituted agents, that claimant had suffered a heart attack due to strain during his employment and set the date of the heart attack as September 18, 1945. It is admitted that no statutory written notice was given. The question, therefore, arises as to whether or not there is any evidence reasonably tending to support the finding of the State Industrial Commission that the giving of the statutory written notice should be excused because the employer was not prejudiced by a failure to give it. In the reply brief the petitioner states that claimant relies strongly upon the fact that Dr. Rice advised petitioner by letter within less than a week after the accident that the claimant had suffered a coronary heart attack produced by unusual exertion during the employment. Petitioner states that the trend of this argument is that this constituted notice of an accidental injury and that to so argue is to ignore the necessary requirements of the statutory notice. We do not conceive this to be the intent of such argument. The argument is rather that since petitioner had been informed by the physician of claimant not only that he had suffered a heart attack but was claiming that it had resulted from a strain, this is strong evidence that petitioner was not prejudiced by a failure to give the statutory written notice.

We have held that the State Industrial Commission is authoried to excuse the giving of the statutory written notice on the ground that for some reason the claimant could not give the same, or on the ground that the employer, or the insurance carrier, as the case may be, has not been prejudiced by a failure to give the statutory written notice. Fischer-Kimsey Co. et al. v. King, 196 Okla. 92, 162 P. 2d 519.

When all the facts and circumstances are reviewed, we are of the opinion and hold that the finding of the State Industrial Commission that the petitioner was not prejudiced by failure to give the statutory written notice is sustained.

Petitioner should be allowed credit on the award for sick benefits in the amount of $1,190.72 paid to respondent during the time he was disabled as a result of his injuries.

The award is modified to this extent and, as so modified, is affirmed.

WELCH, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V. C. J., and CORN, GIBSON, and HALLEY, JJ., dissent.