LIBERTY GLASS CO. v. GUINN et al.

No. 35936.

Supreme Court of Oklahoma.

Dec. 8, 1953.

Rehearing Denied Jan. 12, 1954.

Earl Foster, Oklahoma City, for petitioner.

Harley Van Cleave, Raymon B. Thomas and Charles C. Liebler, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, Justice.

This is a proceeding by Liberty Glass Company to review an award of the State Industrial Commission awarding compensation to respondent Lillie S. Guinn.

On the 22nd day of September, 1952, respondent filed a claim for compensation in which she states that on the 8th day of May, 1952, while in the employ of petitioner she sustained an accidental injury consisting of a strain in her left shoulder.

The trial commissioner concluded that the injury sustained by respondent did not constitute an accidental injury within the meaning of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., and denied compensation.

The order was vacated on appeal to the Commission en banc. The Commission found that on May 8, 1952, respondent, while in the employ of petitioner, sustained an accidental injury arising out of and in the course of her employment consisting of an injury to her back resulting in an aggravation of a pre-existing arthritic condition to her back; that as a result of such injury she was temporarily totally disabled from May 8, 1952, until November 21, 1952; that she was entitled to compensation for 25 weeks and 5 days at the rate of $25.00 per week or a total sum of $641.48; that she sustained no permanent disability as a result of her injury. Compensation was awarded her accordingly.

Petitioner brings the case here to review the award and seeks to vacate it on the ground that the evidence is insufficient to sustain the finding of the Commission that the injury sustained by respondent constituted an accidental injury within the meaning of the Workmen's Compensation Law.

The facts as to the nature of the injury as testified to by respondent are not disputed. They are: On May 8, 1952, while in

the employ of petitioner, she sustained an injury to her back resulting in some disability to her person. The duties of her employment consisted of taking milk bottles from a decorating machine (a machine that puts decals on the bottles) and placing them on a conveyor by means of which the bottles were conveyed to a checker. She was required to work fast. She was required to catch the bottles two at a time as they came from the machine, one in each hand, and turn and place them on the conveyor. On one of these occasions while turning to place the bottles on the conveyor she felt a severe pain in her back. She almost fainted. She caught hold of the rail to prevent her from falling. She was unable to return to work for several days. She however thereafter returned to work and attempted to work for a short time but was unable to do so because of her injury. She then called upon a chiropractor who examined and treated her and continued to do so until July 18, 1952. She was not materially benefited by the treatments. She however again returned to work, was given lighter employment but continued the work only one day; that the pain in her back was so severe that she could not do the work and since that time she has not been able to do any work.

She was later examined by other physicians who filed their reports in the case. We shall later refer to these reports.

She further testified that at the time she sustained her injury she was performing exactly the same service as she had performed during all the time she was employed by petitioner on that particular job; that nothing unusual occurred or happened to cause her injury. Prior to the time she sustained her injury she had no trouble with her back.

The medical evidence consists of reports of a chiropractor and two other medical doctors. The chiropractor filed an attending physician's report in which he states that respondent complained of an injury to her back; that his treatment consisted of a chiropractic adjustment; that he kept on treating her until July 18, 1952; that he then discharged her as being able to return to work; that in his opinion she would have no permanent disability as a result of her injury. Dr. G. stated that he examined respondent on the 21st day of November, 1952. He obtained a history of the case from her and upon such history and examination, including x-ray, concluded that she was afflicted with a pre-existing arthritic condition between her shoulder blades and expressed the opinion that as the result of her injury this condition was slightly aggravated. This condition existed for some time. It was only temporary and she should at this time be able to return to work and that she would have no permanent disability.

Dr. W. in his report states that he first saw and examined respondent on the 15th day of September, 1952, and after stating the conditions he then found to exist, further stated:

"My conclusions are that she evidently has a pre-existing infection, both in the throat and teeth, this infection being present accounts for a neuritis precipitated by the injury as described. If this condition does not improve, it may bring on some partial permanent disability in this case. However, I would advise that she consult a dentist regarding her teeth. It might be possible that her condition could be relieved by dental care, at least to some extent. As long as the condition persists in its present state, unless something is done for relief, this injury to the nerve, *caused by a strain*, may result in some permanent injury. At the present time, she has approximately 25% partial permanent disability to the arm, resultant to injury."

It is argued by petitioner that under the medical evidence respondent's injury to her back was without cause other than the ordinary and usual movement of the body while doing the work she was required to do; that nothing unusual occurred or happened that would cause her injury. She was simply engaged in doing her work in the usual and ordinary manner when a pain suddenly struck her in the back and contends that the evidence is wholly insufficient

to establish that the injury sustained constituted an accidental injury within the meaning of the Workmen's Compensation Law.

We do not agree. We think the evidence brings the case within the rule announced in the following cases: Terminal Oil Mill Co. v. Younger, 188 Okl. 316, 108 P.2d 542; Gulf Oil Corporation v. Rouse, 202 Okl. 395, 214 P.2d 251; Hart Const. Co. v. Weaver, 201 Okl. 424, 206 P.2d 724; Southwestern Stamp Works v. Sanders, 206 Okl. 41, 240 P.2d 1081; Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465, 468.

In the last case above mentioned the workman strained his back while engaged in shoveling gravel. Nothing unusual or out of the ordinary occurred or happened to cause a strain. He was simply doing his work in the usual and ordinary manner required in performing such work when a pain suddenly struck him in the back. We held the injury constituted an accidental injury and after reviewing the authorities at length we said:

> "The language used in all of these cases indicates that it is the strain which constitutes the accidental injury. If there is any unusual incident or condition it is mentioned as evidence to support the finding as to the strain."

Under the evidence as above detailed we conclude that the Commission ruled correctly in holding that the injury sustained by respondent constituted an accidental injury within the meaning of the Workmen's Compensation Law and that the Commission properly awarded compensation for temporary total disability.

In petitioner's brief it is further argued that two commissioners who sat at the hearing on appeal en banc had no opportunity to review the evidence of respondent; that they did not then have before them the transcript of the evidence and were not in a position to form a judgment as to whether or not the injury sustained constituted an accidental injury. It is admitted however that they did have before them the reports of the physicians which were admitted in evidence before the trial commissioner. It is conceded that the case was orally argued; that counsel for petitioners appeared in that argument. It does not appear that any exception had been taken to the proceeding at that time. It is raised for the first time in the brief on this appeal. We fail to see how petitioner's rights were in any manner prejudiced because of the procedure followed.

Award sustained.

JOHNSON, V. C. J., and CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.

WELCH and ARNOLD, JJ., concur in conclusion.