SAFEWAY STORES, Inc., and the Travelers Insurance Company, Petitioners,

v.

Helen SIMONS and the State Industrial Commission, Respondents.

No. 38138.

Supreme Court of Oklahoma.

Nov. 5, 1958.

Looney, Watts, Looney & Nichols, Oklahoma City, for petitioners.

Spencer W. Lynn, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

On September 6, 1957, Helen Simons, claimant herein, filed a claim for compensation against her employer, Safeway Stores, Inc., and its insurance carrier, Travelers Insurance Company, referred to herein as petitioners, stating that on July 10, 1957, while in the employ of petitioner Safeway Stores, Inc., she sustained an accidental injury consisting of an injury to her left shoulder. The injury was caused by pulling and lifting a tray of meat from beneath a meat counter located in Safeway Stores, Inc., resulting in the dislocation of her shoulder causing some personal disability to the shoulder.

Petitioner defended upon the theory that the injury claimed to have been sustained by claimant did not constitute an accidental injury within the meaning of the Workmen's Compensation Act.

The case was assigned to a trial judge for hearing. At that hearing it was stipulated that claimant was in the employ of Safeway Stores, Inc., on the 10th day of July, 1957, and was earning $10.28 per day which would entitle her to compensation at the rate of $35 per week for temporary disability and $30 per week for permanent partial disability; that Safeway Stores, Inc., as such, was not a hazardous occupation; however, it was carrying insurance with the Travelers Insurance Company, therefore petitioners are estopped from denying that they were covered by the Act.

The trial judge at the close of the evidence found that claimant did not sustain an accidental injury while in the employ of petitioners Safeway Stores, Inc., and entered an order denying compensation. The order was vacated on appeal to the Commission en banc. The Commission after vacating the order made the following findings of fact:

"That claimant sustained an accidental personal injury, arising out of and in the course of hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on July 10, 1957, consisting of an injury to her left shoulder.

"That at the time of said injury claimant's wages were sufficient to fix her compensation rate at $35.00 per week for temporary total disability, and $30.00 per week for permanent partial disability; that as a result of said injury claimant has been temporarily totally disabled from July 11, 1957, and is still temporarily totally disabled and in need of further medical treatment, care and attention, and is entitled to compensation for tempo-

rary total disability to be paid as follows: Compensation at the rate of $35.00 per week from July 11, 1957, to date, and to continue for and during claimant's period of temporary total disability not to exceed 300 weeks, or until further order of this Commission; that claimant is entitled to be furnished such medical attention as may be necessary for correction of his condition due to said injury, at the hands of a competent physician, as recommended by Dr. Shorbe."

The Commission upon such findings awarded claimant compensation for temporary total disability from July 11, 1957, to date at the rate of $35 per week or the total sum of $910 up to Jan. 9, 1958, and further ordered and directed that temporary total compensation continue during claimant's temporary total disability not to exceed 300 weeks or until further order of the Commission and ordered and directed that petitioners furnish claimant further medical treatment.

Petitioners bring the case here to review this award and contend that the evidence is insufficient to establish that the injury sustained by the claimant constitutes an accidental injury.

In addition to the stipulated facts claimant in her own behalf testified in substance as follows: On the day she sustained her injury she was an employee of Safeway Stores Inc., and had been so employed most of the time for the last five years; that on July 10, 1957, on several occasions, she injured her left arm and shoulder. The first injury occurred when she picked up a tray of meat weighing about 100 pounds which she attempted to carry to the meat counter. She asked Mr. Winans, the butcher foreman at the Safeway Stores, Inc., to assist her in carrying the tray. As she and Mr. Winans were lifting and carrying the tray of meat she felt a severe pain in her left shoulder. About fifteen or twenty minutes thereafter while engaged in pulling and lifting a tray of meat from under the counter she dislocated her left shoulder. She then informed Mr. Luton,

the store manager, of her injury and he sent her to several different doctors, including Dr. S. The doctor treated her for several weeks and told her that she had a bad shoulder and needed an operation. She further testified that since she sustained her injury she has been unable to do any work. She, however, also testified that about four years prior to the time she sustained her present injury she sustained an injury to her shoulder when she fell to the floor but that she has completely recovered from said injury and has had no further trouble until she sustained her present injury.

Petitioners offered evidence tending to contradict the evidence offered by claimant. Mr. Winans testified that he never requested claimant to assist him in carrying out a tub of meat and that she did not assist him in so doing and that if she testified that she did such testimony was untrue.

Mr. Luton, store manager, in substance testified that on July 10, 1957, claimant claimed to have sustained an accident while in the employ of Safeway Stores Inc. She came to him and said that she had a shoulder out of place and she would like to have somebody put it back; that it had happened before and if she could get somebody to put it back it would be all right. That he sent her to a doctor at the Morrison Clinic. That the witness asked her what happened to her arm and she said she was reaching under the meat counter to pull out a tray of meat and pulled her arm out of place. That she said it had happened before and the doctor told her at the time it happened before that she would have to be operated sometime because it was going to happen again.

Petitioners also offered in evidence a statement made and signed by claimant to the adjuster of the insurance carrier stating the manner in which her injury occurred. The statement contains the following paragraph:

"On Wednesday, July 10, 1957, at approximately 12:10 P.M. at the above store I was involved in an accident. I had stooped down to open a door be-

neath the outside meat counter for the purpose of getting three or four packages of lunch meat from a pan which was inside the door. I opened the door with my right hand in a stooped position. While still in this stooped position I reached inside with my left hand and arm to get the packages of lunch meat. I stretched my left arm to get the lunch meat and my left arm pulled out of place at the shoulder. I had not yet touched the lunch meat or pan."

Claimant however testified that she did not make the statement contained in said paragraph, that the adjuster did not take down the statement as she made it, that she told him that she dislocated her shoulder when she reached beneath the meat counter and pulled out a tray of meat.

The Commission evidently credited her testimony as to the manner in which the injury occurred rather than the statement of the adjuster as to what she told him at the time he took the statement and found that the injury sustained by claimant constituted an accidental injury and entered an award for compensation accordingly.

There is medical evidence to the effect that claimant as a result of her injury sustained July 10, 1957, has a weak shoulder and that she is in need of further medical treatment.

■ Petitioners contend that the evidence is wholly insufficient to sustain the finding of the Commission that claimant sustained an accidental injury while in the employ of petitioner Safeway Stores, Inc., and in support of this contention cite and rely upon the following cases: National Biscuit Co. v. Lout, 179 Okl. 259, 65 P.2d 497; Western Good Roads Service Co. v. Coombes, 185 Okl. 599, 95 P.2d 633; Skaggs v. Bennett Van & Storage Inc., 204 Okl. 32, 226 P.2d 419, and related cases. We do not think these cases applicable here. In none of these cases were the claimants engaged in any activity or exertion which caused the injury for which compensation was being claimed by claimant.

If the evidence in the case had been undisputed that claimant dislocated her shoulder while reaching beneath the counter to pull out the tray of meat without ever touching the meat tray or pulling or lifting the meat these cases would be in point but such is not the case. The evidence in this respect is disputed and claimant denies that she made any such statement to the adjuster and further testified as above pointed out.

■ We think the evidence in this case brings it within the rule announced in the following cases: Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; Liberty Glass Co. v. Guinn, Okl., 265 P.2d 493; Acme Material Co. v. Wheeler, Okl., 278 P.2d 234; Brentwood Egg Co. v. Coleman, Okl., 298 P.2d 437.

In the above cases we held that an injury received by a workman consisting of a strain constitutes an accidental injury where it occurred while the employee was doing his work in the usual and ordinary manner in the performance of such work though nothing unusual occurred or happened to cause the strain.

■ Petitioners further contend that the Commission failed to make specific findings as to material issues raised in the case and that for this reason the award should be vacated. It is contended that the Commission should have made a finding as to whether or not there was "an aggravation of a pre-existing condition, or a disability, or an accident to an already disabled member, as the lay testimony and medical evidence in this case indicates." We do not agree. Claimant testified that about four years prior to the time she sustained her present injury she sustained an injury to her shoulder when she fell to the floor but she further testified that she completely recovered from said injury and there is no evidence to the contrary.

The Commission found that on July 10, 1957, claimant while in the employ of Safeway Stores, Inc., and arising out of and in the course of her hazardous employment, sustained an accidental injury consisting of

an injury to her left shoulder and as a result of such injury she was temporarily totally disabled and in need of further medical treatment and upon such finding entered an award in favor of claimant accordingly. We see no occasion for any further or additional finding under the issues raised in this case. Petitioners' contention in this respect is without substantial merit.

Award sustained.