BEN HUR COAL COMPANY and Old
Republic Insurance Company,
Petitioners,

v.

Erma A. ORUM, Claimant (In the Matter of
the Death of Charles Lee Orum), and State
Industrial Court, Respondents.

No. 39377.

Supreme Court of Oklahoma.

Nov. 21, 1961.

Donovan & Rogers, Gerard K. Donovan, Tulsa, for petitioners.

Lawrence E. Sizemore, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

Erma A. Orum, claimant, widow of Charles L. Orum, employee, obtained an award under the death benefit provisions of the Workmen's Compensation Act, 85 O.S. 1951, § 1 et seq. for the maximum statutory amount of $13,500. Employer, Ben Hur Coal Company, and its insurance carrier, petitioners, bring this proceeding to obtain a review of the award.

Petitioners seek to vacate the award on the ground that the evidence is insufficient to show an accidental injury or that deceased employee's heart attack was related to any such injury.

Employee's death occurred Thursday, November 19, 1959. His age was 50 years. The preceding Tuesday night, after retiring, the employee awoke and was very nauseated and went to the bathroom and vomited and complained of pain in his left arm. He worked Wednesday and Thursday without any apparent discomfort. Employee's work was the operation of a cutting machine in the underground mining of coal and when not so engaged, he hand shoveled in loading the coal. The vein of coal being removed was 3 feet thick and employee and others in the crew worked on their knees within that space. It was described as hard work and was work that caused the employees to perspire.

At the end of the shift, on the day of his death, employee started crawling toward the exit of the mine ahead of the others and after proceeding several hundred feet fell or slumped to the ground without making a sound. When the others reached him he was gasping for breath and made no statement. He died before being taken out of the mine. He was brought to the surface where Dr. H. attributed his death to coronary thrombosis and later so described it in the death certificate.

In answer to a hypothetical question containing the above facts Dr. S. expressed an opinion that considering the presence of hardening of the arteries existing in persons at the age of employee (50), the work being performed by employee was sufficient to be a competent producing cause of the coronary thrombosis and of employee's death. Petitioners introduced no evidence or any contrary medical report or opinion.

▮ Disability attributable to a condition of the heart caused or precipitated by antecedent strain or exertion arising out of and in the course of hazardous employment constitutes an accidental injury within the meaning of the Workmen's Compensation Act and is compensable. Young v. Neely, Okl., 353 P.2d 111.

▮ We are committed to the rule that the term "accidental injury" is not to be given a narrow or restricted meaning, but is to receive a broad and liberal construction, with a view of furnishing compensation where disabilities result from compensable personal injuries. Gulf Oil Corporation v. Rouse, 202 Okl. 395, 214 P.2d 251.

Petitioners state that the employee did not suffer an accidental personal injury. It is argued that nothing unusual or out of the ordinary occurred during the day and that employee performed his duties in the usual and ordinary manner of miners doing such work.

In Safeway Stores, Inc. v. Simons, Okl., 331 P.2d 934, we held that an injury received by a workman consisting of a strain constitutes an accidental injury where it occurred while the employee was doing his work in the usual and ordinary manner in the performance of such work though nothing unusual occurred or happened to cause the strain. See also Liberty Glass Co. v. Guinn, Okl., 265 P.2d 493, and Gulf Oil Corporation v. Rouse, supra.

In Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465, 468, we stated:

"The language used in all of these cases indicates that it is the strain which constitutes the accidental injury. If there is any unusual incident or condition it is mentioned as evidence to support the finding as to the strain."

Here the employee prior to the heart attack had been operating the cutting machine and shoveling coal for the entire shift in a 3 foot high space. He had been performing the work in this narrow cramped space on his knees. In leaving the site of the work it was necessary that he crawl for some distance. His activities required strenuous and tiring physical effort.

The Industrial Court upon consideration of all of the evidence found the employee

sustained an accidental injury by reason of unusual and extraordinary strain which re-sulted in precipitation of a heart attack causing coronary thrombosis resulting in his death.

It was a question of fact and not of law to be determined by the State Indus-trial Court from the lay and medical proof whether the physical effort of the employee was sufficient in degree to produce, and did produce, the strain which culminated in the heart attack and death of employee. The finding of the State Industrial Court on such issue will not be disturbed on review when reasonably supported by competent evidence. Farmers Cooperative Associa-tion v. Madden, Okl., 356 P.2d 741.

There is competent evidence reasonably tending to support the finding of the State Industrial Court.

Award sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J. and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

HALLEY, J., dissents.

HALLEY, Justice (dissenting).

In my opinion the award made in this case cannot be justified either by the facts or law. There is not an iota of evidence that the deceased sustained an accidental injury of any nature. There is no evidence that he suffered an unusual strain in the performance of his duties as a cutter in his work as a coal miner. No one pretends that his work was not hard but it was not the hardest work in coal mining. There is simply no evidence of anything unusual in his work that brought on his heart at-tack.

The cases relied upon by the majority are each distinguishable on the facts from the case at bar.

The fellow workers of the deceased in this case testified frankly that there was nothing unusual about the work performed by the deceased; that no special strain was placed upon him. The testimony showed that deceased had a bad heart and had an attack at home a few nights before his death. The majority opinion in this case is more than a liberal construction of our laws. It makes liability when there is none.

If this case is to be the law of this State, every time a man dies of a heart attack on or near his job the employer will have to pay death benefits. This is not what the Workmen's Compensation Law says but what this Court has said it says.

To me the opinion of the majority vio-lates that fundamental proposition that "we should be just before we are gener-ous."

I dissent.