**CO–OPERATIVE PUBLISHING COMPANY and the State Insurance Fund, Petitioners,**

v.

**Elmer V. JESTES and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 39739.**

Supreme Court of Oklahoma.

June 5, 1962.

Rehearing Denied July 10, 1962.

Mont R. Powell, Moraul Bosonetto, Oklahoma City, for petitioners.

A. V. Dinwiddie, Guthrie, Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

Elmer V. Jestes, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Co-Operative Publishing Company, employer, he sustained an accidental injury arising out of and in the course of his employment on November 30, 1959. An award was made by the State Industrial Court for total permanent disability and this proceeding is brought by the employer and its insurance carrier, State Insurance Fund, hereinafter called petitioners, to review the award.

The evidence discloses that claimant had been employed by employer since 1950; that in 1954, while unloading some material from a truck of employer at the State Capitol he sustained a heart attack; that on November 30, 1959, while packing books and weighing them he lifted a heavy package of books and was struck by a sharp pain in the chest. He felt sweaty, nauseated and sickly and became weak. He went home at noon of that day and went to Dr. R. and subsequent thereto to Dr. P. a heart specialist. He remained at home and in bed until some time the latter part of December, 1959, or the first of January, 1960, when he returned to work. While at home in July, 1960, he sustained a third heart attack. Dr. R. and Dr. P. both testified that as a result of the accidental injury of November 30, 1959, claimant is totally and permanently disabled. The medical testimony of petitioners is to the effect that the heart attack of November 30, 1959, did not cause the disability.

In a single proposition petitioners raise the issue that there is no competent evidence reasonably tending to support the finding that claimant sustained an accidental injury arising out of and in the course of his employment.

Disability attributable to a condition of the heart is compensable if caused or precipitated by antecedent strain or overexertion arising out of and in the course of hazardous employment covered by the Workmen's Compensation Act. Black, Sivalls & Bryson, Inc. v. Coley et al., Okl., 367 P.2d 1017; Ben Hur Coal Co. et al. v. Orum et al., Okl., 366 P.2d 919; Farmers Cooperative Ass'n et al. v. Madden et al., Okl., 356 P.2d 741; Young et al. v. Neely et al., Okl., 353 P.2d 111, and State Highway Department et al. v. Powell et al., Okl., 258 P.2d 1189.

Where there is evidence of a strain arising out of and in the course of employment and evidence that the strain caused a disability this constitutes evidence from which the State Industrial Court is authorized to find that the employee sustained an accidental injury within the meaning of the Workmen's Compensation Act. Calhoun Construction Co. et al. v. Sexton et al., Okl., 288 P.2d 705; Charles Banfield Co. et al. v. State Industrial Commission et al., Okl., 309 P.2d 274.

Petitioners argue that the evidence discloses that the heart attack of July, 1960, caused the disability. In Farmers Cooperative Ass'n v. Madden, supra, we said:

"Whether a heart attack suffered by a workman resulted from strain and exertion arising out of and in the course of his employment or from other causes which are unrelated thereto and disconnected therefrom, presents a question of fact for the determination of the State Industrial Court, whose findings on such issue will not be disturbed on review, when based on competent evidence reasonably tending to support it."

An accidental injury arising out of and in the course of employment which lights up and aggravates a prior heart condition

is compensable. Sinclair Oil and Gas Co. v. Cheatwood et al., Okl., 350 P.2d 944.

■ There is competent evidence reasonably tending to support the finding of the State Industrial Court that by reason of the aggravation of the prior heart condition due to the accidental injury of November 30, 1959, claimant is totally and permanently disabled.

Award sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.