CREST BUILDING CORPORATION, and American Employers Insurance Co., Petitioners,

v.

Aljurnel Mason LOWE, and State Industrial Court, Respondents.

No. 40328.

Supreme Court of Oklahoma.

Jan. 7, 1964.

George E. Fisher, Oklahoma City, for petitioners.

Shapard & Cannon, Oklahoma City, for respondents.

Charles R. Nesbitt, Atty. Gen., by James R. Fuson, Asst. Atty. Gen., for State Industrial Court.

WILLIAMS, Justice.

On March 13, 1962, a first notice of injury and claim for compensation was filed with the State Industrial Court by Aljurnel Mason Lowe, respondent herein, naming Crest Building Corporation and American Employers Insurance Company, petitioners herein, as respondent and insurance carrier. In said notice and claim it is alleged that in April, 1961, while pulling on an electric drill, respondent sustained an accidental injury to his back.

On the date of trial the parties entered into a stipulation wherein it was agreed that on or about April 1, 1961, respondent was an employee of petitioner, Crest Building Corporation, engaged in a hazardous occupation, earning wages sufficient to entitle him to the maximum compensation rate of $35.00 per week for temporary total disability and of $30.00 per week for permanent partial disability; that such employment was within and covered by the Workmen's Compensation Act; that medical treatment had not been furnished respondent; that he had secured medical treatment, the bills for which had not been paid, and liability therefor had been denied. It is not disputed that respondent received surgical operation to his back on or about June 29, 1961. Also undisputed is the evidence that he was off work and temporarily totally disabled from June 16, 1961, to December 29, 1961.

The Industrial Court found that respondent suffered an accidental injury to his back on April 1, 1961, as alleged, and awarded him temporary total disability compensation for the period June 16, 1961, to December 29, 1961, and 20 per cent permanent partial disability to the body as a whole. Thereupon petitioners filed this original action to review the award made to respondent, upon the sole contention that respondent did not sustain an accidental personal injury for which compensation could be awarded under the Workmen's Compensation Act.

Briefly stated the facts are that respondent was working for petitioner, Crest Building Corporation, on or about April 1, 1961, constructing a roller coaster in Wedgewood Amusement Park. He states the work involved his using a ½-inch electric drill, drilling holes through 12 to 14 inches of laminated wood with 18-inch long bits. While drilling it was many times necessary to remove the bit from the hole to clean the cuttings and shavings therefrom. The drill was hard to handle as he had to stand on a steep incline necessitating constant bracing of himself to keep from falling. At times the drill bit would become stuck in the hole thereby causing him to have to exert himself by doing heavy lifting, pulling and straining to loosen the bit. Sometimes it would be stuck so tight he would have to pry it loose with a pipe wrench. He did this type of work for two or three days, then he quit the drill work, because, as he stated, it was rough and his back had become uncomfortable. About two days thereafter pain began in his right hip traversing into his knee. After about April 3, 1961, he did no more heavy work but continued in a supervisory capacity until June 16, 1961, when he sought medical treatment from Dr. M. The Doctor ordered him into the hospital immediately. Surgery was performed upon his back by Dr. M on June 29, 1961. Letter reports of Dr. M for petitioners and Dr. F for

respondent are to the effect that respondent suffered a ruptured disc as a result of heavy work. Dr. M fixed permanent partial disability at 15 per cent to the body as a whole. Dr. F stated that respondent had suffered an accidental personal injury and as a result thereof had sustained 35 per cent permanent partial disability to his body as a whole.

It is argued by petitioners that respondent's injury was merely the result of ordinary hard work, as was done by his fellow workmen, and as everybody has occasionally to do in the use of his body, whether in the furtherance of the employment or not, and that the occurrence is not an accidental injury for which compensation could be granted. In support thereof petitioners cite and rely upon the cases of Phillips Petroleum Co. v. Eaves, et al., 200 Okl. 21, 190 P.2d 462; Oklahoma Leader Co. v. Wells, 147 Okl. 294, 296 P. 751; National Biscuit Co. v. Lout, 179 Okl. 259, 65 P.2d 497; and Skaggs v. Bennett Van & Storage Inc., 204 Okl. 32, 226 P.2d 419. We cannot agree that these cases are in point. They have many times been analyzed and distinguished. In Liberty Glass Co. v. Harlin, Okl., 265 P.2d 1096, in making an analysis of the cited cases this court said:

"In each of these cases cited the court pointed out that there was no evidence of a strain that caused the disability."

Likewise it is noted that in none of the cited cases was the employee, at the time he sustained his injury, engaged in any lifting, pulling, or prying, or exerting himself in any manner likely to cause a strain to any portion of his body.

There are numerous decisions of this court wherein we have held that an injury arising from a strain caused by lifting, pulling, prying or shoveling constitutes an accidental injury. See Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; National Well Service v. Brumley, 204 Okl. 190, 228 P.2d 638; Knotts Bakery v. Freudenthaler, 188 Okl. 321, 108 P.2d 540; Special Indemnity Fund v. McFee, 200 Okl. 288, 193 P.2d 301; Stillwater Milling Co. v. Mott, 200 Okl. 562, 197 P.2d 966; Gentry v. State Industrial Commission, 202 Okl. 75, 210 P.2d 160; Hart Construction Co. v. Weaver, 201 Okl. 424, 206 P.2d 724; Southwestern Stamp Works v. Sanders, 206 Okl. 41, 240 P.2d 1081; State Highway Department v. Powell, Okl., 258 P.2d 1189; Acme Material Co. v. Wheeler, Okl., 278 P.2d 234.

In the case of Ben Hur Coal Co. v. Orum, Okl., 366 P.2d 919, 920, we said:

"In Safeway Stores, Inc. v. Simons, Okl., 331 P.2d 934, we held that an injury received by a workman consisting of a strain constitutes an accidental injury where it occurred while the employee was doing his work in the usual and ordinary manner in the performance of such work though nothing unusual occurred or happened to cause the strain. See also Liberty Glass Co. v. Guinn, Okl., 265 P.2d 493, and Gulf Oil Corporation v. Rouse, supra [202 Okl. 395, 214 P.2d 251]."

In such case we further said, "We are committed to the rule that the term 'accidental injury' is not to be given a narrow or restricted meaning, but is to receive a broad and liberal construction, with a view of furnishing compensation where disabilities result from compensable personal injuries".

While it is not disputed that respondent was doing the work which he states produced the accidental injury, petitioners in their argument give particular stress to their contention that respondent was merely doing his usual and ordinary work; that since nothing unusual happened which is evident from the fact that pain did not become prevalent until two days after respondent quit doing this particular work, there is no accidental injury.

In the case of G. T. Harvey Company v. Steele, Okl., 347 P.2d 802, 804, we said:

"This court has held that an accidental injury within the meaning of the Workmen's Compensation Act need not have resulted from one particular

event, but may be the cumulative effect of trauma occurring at different times over an extended period. Acme Material Company v. Wheeler, Okl., 278 P.2d 234."

In the case of Farmers Cooperative Association v. Madden, Okl., 356 P.2d 741, 744, is the following language:

"* * * Whether exertion from a particular physical effort engaged in by the injured workman was sufficient in degree to produce, and did in fact produce, the strain which culminated in his disability, does not present a question of law, but one of fact to be determined by the trial tribunal from expert medical opinion based on relevant facts and circumstances adduced by the proof. Evidential steps necessary to show the factum of an accidental injury from strain are: (a) lay testimony as to the nature of labor performed by the workman when injured; (b) expert opinion that the exertion attendant upon such physical activity as shown was sufficient in degree to, and did produce, the strain which resulted in the workman's disability. Once these elements of proof are supplied, it is then immaterial that disability precipitated by the strain manifested itself fully at a time subsequent to the occurrence of the injury. * *" (Citing cases).

The testimony of the respondent supported as it is by medical evidence of one doctor who states specifically that re-spondent suffered a ruptured disc due to heavy lifting and by another doctor who states that respondent suffered an accidental injury which has resulted in permanent partial disability is sufficient competent evidence to support the finding of the State Industrial Court that respondent sustained an accidental injury.

In the case of Calhoun Construction Co. v. Sexton, Okl., 288 P.2d 705, we held:

"If there is evidence of a strain and medical evidence that the strain caused the disability this is sufficient to support a finding that there has been an accidental injury even though the disability discloses its presence at a time not related to a specific physical effort."

A rule consistently followed by this Court for many years is that:

" 'Whether disability is due to compensable injury or other cause is a question of fact for the determination of the State Industrial Commission in a hearing on this question, and this court will not disturb the finding made by said commission thereon if there is any competent evidence reasonably tending to support said finding.' " Sanders v. State Industrial Commission, Okl., 331 P.2d 478.

There being competent evidence herein to justify the finding of the State Industrial Court that respondent sustained an accidental injury, the order based thereon is sustained.