Betty ROBERTSON, Petitioner,

v.

FO–MAC ENTERPRISES and State In-
dustrial Court, Respondents.

No. 42238.

Supreme Court of Oklahoma.

June 6, 1967.

Rehearing Denied Sept. 12, 1967.

Berringer, Briggs & Barnes, Tulsa, for petitioner.

Houston, Klein & Davidson, by Ronald Main, Tulsa, Charles Nesbitt, Atty. Gen., for respondents.

DAVISON, Justice.

There is involved here an original proceedings to review an order of the State Industrial Court denying the petitioner, claimant below, Betty Robertson, the benefits under the Workmen's Compensation Act against the respondent Fo-Mac Enterprises. Parties will be referred to as they appeared in the trial court.

Epitomized the evidence is as follows: Claimant on February 18, 1965, was employed by the respondent, as a trimmer and inspector at its plant in Tulsa, Oklahoma. Her work required her to lift rubber seals weighing about ten pounds from a box, and trim the edges with a knife or scissors. A portion of the work was done while claimant was seated but she was required to stand and bend over while removing the seals from the boxes. About 10 or 11 o'clock in the morning her neck began hurting and she took the rest of the day off. She had experienced some pain in her neck for about two days prior to February 18.

Claimant returned to work on March 25 and continued working until April 16, 1965, when she was involved in an automobile

accident sustaining injuries to her left leg. She returned to work on May 27, 1965, and continued working until August 16, 1965. She testified that her neck continued to bother her and she finally had to cease work.

During the period of time from February 18, 1965, until August 16, 1965, claimant consulted with two chiropractic practitioners and an osteopathic doctor. She made complaints to her employer of her neck hurting but made no compensation demand and did not request her employer to furnish medical treatment.

The report of Dr. J., osteopathic doctor, was submitted in evidence by the claimant. Dr. J. stated that the claimant complained of a "drawing feeling in the back and on the right side of the muscles of my neck." She expressed pain and discomfort. X-rays were negative as to bone pathology. He treated the claimant by theraphy methods from June 19, 1965, to November 12, 1965. He made a recheck examination on January 26, 1966. At his first examination he found claimant's condition to be "localized fibrositis due to tension myositis of the neck, shoulders and upper back due to postural occupational strain. In his report he states "Tension myositis has an occupational correlation commonly seen among barbers, typists, garage mechanics, and people who work over a drafting board." He found the claimant's condition "to be static" and estimated her disability to 25% to her head and neck and "to the body as a whole."

■ The trial court held that claimant failed to establish by competent evidence that she sustained an accidental injury during the course of her employment which would entitle her to compensation benefits under the Workmen's Compensation Act. We agree. Giving the claimant's evidence its maximum probative value it merely establishes the claimant while working experienced pain and discomfort in her neck. It does not establish that any unusual or unforeseen event occurred. Claimant was simply working at her customary duties and experienced pain. Her

doctor described the ailment as being "Tension myositis" a condition found to exist with barbers, typists and others working at an occupation where their neck and head are maintained in one position for a period of time. "Myositis" is medically described as "inflammation of a muscle." "Lawyers" Medical Cyclopedia Vol. 7, p. 159.

■ Pain suffered by a workman while being required to work in a certain postural position standing alone is not compensable. Keeling v. State Industrial Court, Okl., 389 P.2d 487.

Under facts analogous to those existing in the present case, we have held, that in the absence of evidence attributing the condition to have been caused or precipitated by antecedent strain or exertion arising out of and in the cause of employment, does not constitute an accidental injury such as to entitle the injured employee to compensation under the provisions of the Workmen's Compensation Act. Phillips Petroleum Co. v. Eaves, 200 Okl. 21, 190 P.2d 462, cited with approval in Keeling v. State Industrial Court, Okl., 389 P.2d 487; National Biscuit Co. v. Lout, 179 Okl. 259, 65 P.2d 497; Oklahoma Leader Co. v. Wells, 147 Okl. 294, 296 P. 751.

The facts in the present case are insufficient to make applicable the rule announced in such cases as Gulf Oil Corporation v. Rouse, 202 Okl. 395, 214 P.2d 251; Safeway Stores, Inc. v. Simons, Okl., 331 P.2d 934; Ben Hur Coal Company v. Orum, Okl., 366 P.2d 919; Bill Gover Ford Company v. Roniger, Okl., 426 P.2d 701. In each of these cases the question was whether exertion from a particular physical effort was sufficient to produce a strain culminating in the injury or death of the workman. In the present case there was no evidence of such a strain causing the alleged injury.

Claimant cites H. J. Jeffries Truck Line v. Grisham, Okl., 397 P.2d 637, and Macklanburg-Duncan Company v. Edwards, Okl., 311 P.2d 250, as authority for the proposition that the disability need not be a result

of one incident but is compensable if caused by a series of incidents occurring over a period of time. In each of the cases cited the employee was exposed to a number of unusual hazards culminating in the final incident causing immediate disability. The factual situation is different in the present case. Claimant here bottoms her entire case on an accident which she contends occurred on February 18, 1965, when she experienced pain in her neck. She testified that she worked irregularly after February 18 and continued to have pains in her neck but such fact does not bring her within the rule declared in the cases cited. The cases are not in point.

The order of the State Industrial Court is supported by the evidence and will not be disturbed by this court on appeal.

Order affirmed.

All the Justices concur.